MAX L. LIZOTTE *vs.* LEONORA DLOSKA & another.

Bristol.　　October 26, 1908. — January 4, 1909.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract,* Performance and breach.　*Attorney at Law.　District Attorney.　Practice, Criminal, Nolle prosequi.　Review.*

Where an attorney at law receives from a client a sum of money to pay the expenses and disbursements and for services of the attorney in procuring bail and defending two persons against whom criminal charges are pending in the Superior Court, "balance to be returned" to the client, and by arrangement between the attorney and the district attorney one defendant pleads guilty and pays a fine as to one charge, and the district attorney agrees not to prosecute the other cases further but to make an entry of *nolle prosequi* therein at a subsequent sitting of the court, the service which the attorney agreed to render to his client is completed, since, the district attorney having absolute power to enter a *nolle prosequi* upon his official responsibility, it will not be assumed that his promise will be broken, and since the presence of the defendants in court was not necessary for the making of such entries; and therefore the time has arrived when the attorney should pay to his client any balance left in his hands after deducting from the money the client had paid him the disbursements which he has made and a reasonable charge for his services, and the client need not wait, before bringing an action to enforce his rights, until the formal entries of *nolle prosequi* have been made.

At the hearing in review of an action of contract against an attorney at law to whom the plaintiff had paid a sum of money "to be used in obtaining bail and paying all expenses and fines and for services in getting bail, and to defend F.

and G. against cases in the Superior Court, balance to be returned to" the plaintiff, it appeared that, at the time when the agreement with the attorney was made, F. and G. were under indictment and in jail, that the attorney procured persons to go on their bail bonds, depositing with one of the bondsmen money as security, and taking from him a receipt stating that "after such defendants have been disposed of in the Superior Court," the deposit less a fee for services as surety should be returned. The attorney in February made an arrangement with the district attorney whereby F. pleaded guilty and paid a fine in one case and the district attorney agreed to enter a *nolle prosequi* in all the other cases at the next, namely, the June sitting of the court. Thereupon, on February 19, the attorney received back from the surety, with whom he had deposited the money as security, the sum so deposited less the surety's fee, and gave to the surety a receipt stating that the cases had "been disposed of by Superior Court on February 15, and therefore the . . . [surety] . . . is held no further as such surety." In April the action which was being tried in review was brought against the attorney. The entries of *nolle prosequi* were not made in the criminal cases against F. and G. until July. The attorney contended that the action was brought against him prematurely. *Held,* that findings were warranted that at the time the action was brought the purposes for which the money had been placed in the attorney's hands had been accomplished and that the action therefore was not brought prematurely.

REVIEW of action of contract. The plaintiff in review was the defendant in the original action, which was for a balance alleged to be due to the plaintiffs therein, the defendants in review, under the circumstances stated in the opinion. Writ in the original action in the Second District Court of Bristol dated April 27, 1906. Judgment was entered for the plaintiff therein on default of the defendants for $616.20. At the trial of the case in review in the same court, the judgment was reduced by $52.01.

On appeal, the case in review in the Superior Court was referred to an auditor with the stipulation that his findings of fact should be final. The substance of his findings is stated in the opinion. At a hearing upon the auditor's report, *Dana,* J., refused to rule that the original action was prematurely brought, or that judgment therein should be reversed, and the plaintiff in review appealed.

*A. G. Weeks,* for the plaintiff in review.

*F. A. Pease,* for the defendants in review.

RUGG, J. This is a writ of review. It was referred in the Superior Court to an auditor, with the stipulation that his finding of facts should be final. At the hearing upon his report the fundamental question raised was whether the original action

was prematurely brought. The action was instituted on April 27, 1906. The plaintiff in review, an attorney at law, in January, 1906, was given by the defendants in review $600 dollars "to be used," as stated by him in his contemporaneous receipt, "in obtaining bail and paying all expenses and fines and for services in getting bail, and to defend John Farra and Joseph Goyeski against cases in the Superior Court, the balance to be returned to" the defendants in review. He immediately procured the bail and paid attendant expenses, including an allowance to one of the bondsmen. In February following, Farra pleaded guilty to a complaint for assault and was fined, the plaintiff in review paying the fine. At the same time, and before any trial was begun, the other cases were disposed of by agreement with the district attorney that they should be "*nol prossed*" at the June sitting following.

The district attorney had the absolute power to enter a *nolle prosequi* upon his official responsibility, without the approval or intervention of the court. He alone is answerable for the exercise of his discretion in this respect. It is presumed that he will act under such a heavy sense of obligation for enforcement of the law and sensitive consciousness of important public duty that no wrongful act will be committed. *Commonwealth* v. *Wheeler*, 2 Mass. 172. *Commonwealth* v. *Tuck*, 20 Pick. 356. The entry of a *nolle prosequi* is final so far as the particular case is concerned. It does not require the presence nor the consent of the defendant. Therefore the agreement of the prosecuting officer, that the indictments or complaints should not be further prosecuted and that an entry upon the records of the court should be made to that effect at an early sitting, was tantamount to the completion of the service which the plaintiff contracted to render in defending Farra and Goyeski in the criminal proceedings pending against them. It is not to be assumed that the word of a prosecuting officer will be broken respecting the disposition of cases, in instances where the whole matter lies in his own hand. It is significant of the view which Lizotte took of the situation that, after the district attorney had said he would not further prosecute the cases, he collected $200, which had been deposited with one of the bondsmen, at the same time paying him for his services as such and giving a receipt, which

stated that the cases had been disposed of and there was no longer liability as surety.*

It is not necessary to discuss whether the statement that the surety was relieved from further liability was technically accurate. It was practically so treated by all parties, including the district attorney in his capacity as responsible representative of the obligee on the bond. The cases had been disposed of so far as the plaintiff was concerned. In his account for services and disbursements the plaintiff in error made no charge after February, 1906.

Under these circumstances the finding of the auditor that at the time of the bringing of the original action " the purposes for which the money had been placed in the hands of Lizotte had been accomplished and the suit was not prematurely brought" was fairly supported by the facts reported. The rulings requested in the Superior Court were properly refused.

*Exceptions overruled.*

---

* Lizotte paid this $200 to one of the bondsmen at the time when he went on the bonds, and took from him the following receipt: " January 3, 1906. Received of Leonora Dloska and Maria Gaueska by hand of M. L. Lizotte two hundred dollars, deposited in my hands for going bail for John Farra and Joseph Goyouski [Goyeski], held for Grand Jury, etc. If the said Farra and Goyouski appear as commanded and make no default, I hereby agree to return said money to said Lizotte or said Dloska and Gaeuska after such defendants have been disposed of by the Superior Court, less a reasonable amount for expenses and fee for furnishing said bail. Samuel Macarovsky." On February 19, 1906, he received back from Macarovsky $165, and gave him the following receipt: "February 19, 1906. Received of Samuel Macarovsky one hundred and sixty-five dollars, money deposited in his hands for going surety in the cases of John Faras [Farra] and Joseph Goyousky [Goyeski], which cases has been disposed of by Superior Court on Feb. 15, 1906, and therefore the said Macarovsky is held no further as such surety. The said Macarovsky's charges for furnishing said bail is thirty-five dollars. The whole amount deposited in my hands was two hundred dollars. M. L. Lizotte."