COMMONWEALTH *vs.* VAN K. ALLISON.

Suffolk.   March 30, 1917. — May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Distribution of Obscene Literature.   Advertising Means for Prevention of Conception.   Constitutional Law.   Words, "Advertises."*

A count in an indictment charging the defendant with the violation of R. L. c. 212, § 20, as amended by St. 1913, c. 259, by distributing pamphlets entitled "Why and How the Poor Should not have many Children" and "Don't have Undesired Children," containing "obscene, indecent and impure language, manifestly tending to corrupt the morals of youth, the same being too lewd and obscene to be more particularly set forth," supported by a bill of particulars filed under R. L. c. 218, § 39, containing copies of the pamphlets named in the indictment, is sufficient.

A count in an indictment, supported by a bill of particulars, charging the defendant with the violation of R. L. c. 212, § 26, by advertising certain enu-

merated drugs, medicines, instruments and articles for the prevention of conception, and a count charging the defendant with the violation of R. L. c. 212, § 16, as amended by St. 1905, c. 316, by knowingly circulating, distributing and publishing a pamphlet, described by its title, containing words conveying notice, hint or reference to places where designated means for the prevention of conception may be obtained, in each count following the words of the statute, are sufficient.

The statutes named above under different sections of R. L. c. 212, as amended, contravene no provision of the Constitution and each of them is a proper exercise of one of the most obvious and necessary branches of the police power.

INDICTMENT found and returned in the county of Suffolk on August 12, 1916, with thirteen counts, of which the second and eleventh were withdrawn by the district attorney, as described in the opinion, the titles of the pamphlets there referred to being "Why and How the Poor Should not have many Children" and "Don't have Undesired Children."

The defendant filed a motion to quash the indictment, assigning as to the first, third, fourth, fifth, sixth and seventh counts the following reason: "Because said count does not contain a reasonably specific description of the obscene, indecent and impure language tending to corrupt the morals of youth, which it is alleged the pamphlet amongst other things contains," and assigning as to the eighth, ninth, tenth, twelfth and thirteenth counts the following reason: "Because each of said counts does not set out nor allege any excuse for not setting out *verbatim* or according to its tenor the words or the advertisement relied upon to sustain the indictment," also assigning the alleged unconstitutionality of St. 1913, c. 259, of R. L. c. 212, § 26, and of St. 1905, c. 316, "And that each of the counts contained in said indictment has set forth no crime or offence known to law."

The motion to quash was heard by *Sisk*, J., who ordered the district attorney to file a bill of particulars of the offences charged in the indictment. A bill of particulars was filed containing copies of the pamphlets named in the indictment, and the judge then made an order denying the motion to quash. The defendant excepted to the ruling.

Thereafter the defendant was arraigned at the bar and pleaded guilty upon all the counts except the second and eleventh which had been withdrawn. In pleading guilty the defendant stated that he did not waive his exceptions, and the exceptions alleged by him were allowed by the judge. In the allowance of the

exceptions a provision was inserted in the bill of exceptions that the bill of particulars filed by the Commonwealth on account of the nature of the pamphlets contained in it was not to be printed but that certified copies of the pamphlets were to be transmitted to this court.

R. L. c. 212, § 20, as amended by St. 1913, c. 259, is as follows: "Whoever imports, prints, publishes, sells or distributes a book, pamphlet, ballad, printed paper or other thing containing obscene, indecent or impure language, or manifestly tending to corrupt the morals of youth, or an obscene, indecent or impure print, picture, figure or description, manifestly tending to corrupt the morals of youth, or introduces into a family, school or place of education, or buys, procures, receives or has in his possession any such book, pamphlet, ballad, printed paper, obscene, indecent or impure print, picture, figure, image or other thing, either for the purpose of sale, exhibition, loan or circulation or with intent to introduce the same into a family, school or place of education shall be punished by imprisonment for not more than two years and by a fine of not less than one hundred nor more than one thousand dollars."

R. L. c. 212, § 16, as amended by St. 1905, c. 316, is as follows: "Whoever knowingly advertises, prints, publishes, distributes -or circulates, or knowingly causes to be advertised, printed, published, distributed or circulated, any pamphlet, printed paper, book, newspaper, notice, advertisement or reference, containing words or language giving or conveying any notice, hint or reference to any person, or to the name of any person, real or fictitious, from whom, or to any place, house, shop or office where, any poison, drug, mixture, preparation, medicine or noxious thing, or any instrument or means whatever, or any advice, direction, information or knowledge, may be obtained for the purpose of causing or procuring the miscarriage of a woman pregnant with child or of preventing, or which is represented as intended to prevent, pregnancy, shall be punished by imprisonment in the State prison or jail for not more than three years or by a fine of not more than one thousand dollars."

R. L. c. 212, § 26, is as follows: "Whoever sells, lends, gives away, exhibits or offers to sell, lend or give away an instrument or other article intended to be used for self-abuse, or any drug,

medicine, instrument or article whatever for the prevention of conception or for causing unlawful abortion, or advertises the same, or writes, prints or causes to be written or printed a card, circular, book, pamphlet, advertisement or notice of any kind stating when, where, how, of whom or by what means such article can be purchased or obtained, or manufactures or makes any such article, shall be punished by imprisonment in the State prison for not more than five years or in jail or the house of correction for not more than three years or by a fine of not less than one hundred nor more than one thousand dollars."

*G. E. Roewer, Jr.*, for the defendant.

*J. C. Pelletier*, District Attorney, for the Commonwealth.

RUGG, C. J. This indictment in its first six counts charges the defendant with violation of R. L. c. 212, § 20, as amended by St. 1913, c. 259, by distributing pamphlets, the titles of which are given and which are described as containing "obscene, indecent and impure language, manifestly tending to corrupt the morals of youth, the same being too lewd and obscene to be more particularly set forth." Upon order by the court, the District Attorney filed particulars, including the pamphlets, of each offence charged. .

These counts follow the words of the statute. The omission to recite at length the actual words of the publications, accompanied by the allegation that they are too indecent to be spread upon the records, conforms to the established practice which has prevailed in this Commonwealth at least for almost a century. *Commonwealth* v. *Holmes*, 17 Mass. 336. *Commonwealth* v. *Tarbox*, 1 Cush. 66. *Commonwealth* v. *Wright*, 139 Mass. 382. *Commonwealth* v. *Buckley*, 200 Mass. 346. Although the contrary was once the rule in England, *Bradlaugh* v. *The Queen*, 3 Q. B. D. 607, that has now been changed by statute and conforms to the law prevailing here. See St. 51 & 52 Vict. c. 64, § 7, and *The King* v. *Barraclough*, [1906] 1 K. B. 201. Any further specifications in the indictment would be an offence against common decency.

The indictment held insufficient in *Commonwealth* v. *McCance*, 164 Mass. 162, designated only by title a book of over seven hundred pages, which was alleged to contain "among other things, certain obscene, indecent and impure language" without further specification. The pamphlets in the case at bar were very brief,

whose general character might be thought to be not inaptly indicated by their titles. Plainly that decision affords no support to the contentions of this defendant.

Under the recent statutes regulating criminal pleading, the defendant is entitled as of right to a bill of particulars setting out with sufficient minuteness the essential details of the crime charged. R. L. c. 218, § 39. The reference to the titles of the pamphlets in the present indictment was an adequately definite description of them, even before the enactment of R. L. c. 218, § 22, which permits the use of a designation respecting a written or printed instrument in proper instances.

The simplification of the criminal pleading act, with its provision for a bill of particulars, has been upheld as constitutional by numerous decisions. *Commonwealth* v. *Jordan*, 207 Mass. 259, 266 and cases there collected.

What has been said upon this point applies equally to counts 8, 9 and 10, which allege a violation of R. L. c. 212, § 26, by advertising certain enumerated drugs, medicines, instruments and articles for the prevention of conception, and to counts 12 and 13, which charge a violation of R. L. c. 212, § 16, as amended by St. 1905, c. 316, by knowingly circulating, distributing and publishing a pamphlet, described by its title, containing words conveying notice, hint or reference to places where designated means for the prevention of conception might be obtained. In each instance the offence was charged in the words of the statute. This was enough. *Commonwealth* v. *Connelly*, 163 Mass. 539. *Commonwealth* v. *Rogers*, 181 Mass. 184, 190. The motion to quash on the ground that the counts did not contain a reasonably specific description of the language used and of the offence charged was overruled rightly.

The several counts as to the publication of obscene language, in the light of the particulars furnished to the defendant, are quite sufficient. Whether language is indecent and impure is in large part a practical question. One test of obscenity has been said to be whether its tendency is "to deprave and corrupt those whose minds are open to such immoral influences." *The Queen* v. *Hicklin*, L. R. 3 Q. B. 360, 371. The details which are set forth in these pamphlets plainly would have warranted a jury in finding that they promote wantonness, notwithstanding the contention

of the defendant that they are statements of scientific facts. This point is amply covered by *Commonwealth* v. *Buckley*, 200 Mass. 346.

The counts as to advertising are sufficient. They are not open to objection in that they do not purport to charge that the advertising is done by or in behalf of the person who has the goods to sell. It is a well recognized form of advertising to undertake to cultivate the desire for the purchase or use of certain articles without indicating that any particular person has them for sale. In this connection the word "advertises" is the calling of public attention to any of the prohibited articles by any means whatsoever. It includes every agency of every form and kind directly or indirectly tending to promote their use or purchase.

The counts which charge the publication and distribution of a pamphlet giving hint or information as to the persons from whom or places at which the prohibited articles might be procured are not open to objection even though no specific person or place is named. It is matter of common knowledge that much advertising is conducted by giving a description of definite goods and with the addition that they may be purchased of all dealers, or of dealers of designated kinds.

The statutes under which the several counts in this indictment are drawn contravene no provision of the constitution. Manifestly they are designed to promote the public morals and in a broad sense the public health and safety. Their plain purpose is to protect purity, to preserve chastity, to encourage continence and self restraint, to defend the sanctity of the home, and thus to engender in the State and nation a virile and virtuous race of men and women. The subject matter is well within one of the most obvious and necessary branches of the police power of the State. The means adopted are sanctioned by long continued usage. The distribution of obscene printing was indictable at common law. *Commonwealth* v. *Holmes*, 17 Mass. 336. *Commonwealth* v. *Sharpless*, 2 S. & R. 91, 102. *Rex* v. *Curl*, 2 Stra. 788.

It has been argued that these pamphlets were designed to propagate what is termed "birth control." Whatever may be said about that subject, it is too manifest for discussion that prohibition of the acts described in the statutes upon which this indictment is founded is within the power of the General Court.

*Exceptions overruled.*