HELEN M. MARTIN *vs.* F. IRVING MARTIN.

Essex. May 14, 1929. — May 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court,* Jury issues. *Evidence,* Competency, Private conversation between husband and wife. *Husband and Wife. Undue Influence.*

An order by a judge of probate framing an issue for trial by jury, as to whether an instrument, offered for proof as the last will of a man, was procured to be made by the fraud and undue influence of a second wife, who survived him, was not unwarranted where counsel for a son by a former wife offered evidence that at the age of seventy years the alleged testator had married the second wife, who was about half that age; that the son and his family lived on the first floor of a house, the second floor of which was occupied by the alleged testator and his wife; that, while the son was not pleased with the alleged testator's second marriage, the alleged testator continued in friendly and affectionate relations with the son and his family, and promised his grandchildren that he would look out for them and the son so far as the disposition of his property was concerned; that the second wife was a strong and forceful woman, occasionally using emphatic language; that conversations between her and the alleged testator had been heard in which she expressed resentful dissatisfaction with a first will and threatened that, if it was not changed so that she would have the disposition of all the property, she would render life most uncom-

fortable for him and would make him wish that he had never seen her; and that in consequence of some of these conversations the deceased had interviews with his attorney and the will was changed so that it was largely favorable to the widow.

Although the conversations above described apparently were held between husband and wife while they were physically alone, the nature of such conversations would be admissible in evidence on the testimony of one who overheard them.

PETITION, filed in the Probate Court for the county of Essex on December 20, 1928, for the proof of the alleged will of Benjamin F. Martin, late of Marblehead.

A motion by F. Irving Martin, a son, that issues be framed for trial by jury, was heard by *Dow*, J., upon statements by counsel of evidence expected to be offered, a stenographer having been appointed under G. L. c. 215, § 18. Such evidence is described in the opinion. The judge framed the issues stated in the opinion. The petitioner appealed.

*U. G. Haskell*, for the petitioner.

*G. W. Howe*, for the respondent.

RUGG, C.J. This is an appeal from an order of the Probate Court framing an issue to be tried to a jury on the question whether an instrument offered for probate as the last will of Benjamin F. Martin was procured to be made by the fraud or undue influence of Helen M. Martin, his widow.

The case was heard upon statements by counsel. Summarily stated the offer of the contestant was, in substance, that the deceased at the age of seventy married as his second wife his present widow, who was about half his years; that they lived in a tenement on the second floor of a house, the first floor of which was occupied by his son by a former marriage and his family; that his wife was a strong and forceful woman, occasionally using emphatic language; that the son was not pleased with the marriage of his father, but the latter continued friendly and affectionate relations with the other members of the son's family as well as with the son; that the deceased had told his grandchildren that they need not worry, that he would look out for them and their father so far as the disposition of his property was concerned; that conversations between the deceased and his wife were heard

by members of the son's family to the effect that the wife expressed resentful dissatisfaction with a first will, and threatened that, if it was not changed so that she would have the disposition of all the property, she would render life most uncomfortable for him and would make him wish that he had never seen her; that there were other conversations of that nature; that she expressed acute dislike for the son, his family or some of them; and that in consequence of some of these conversations the deceased had interviews with his attorney and the will was changed so that it was largely favorable to the widow. It is not necessary to state in greater detail the nature of the conversations between the deceased and his wife which it is said were overheard.

Although these conversations were apparently held between husband and wife while they were physically alone, the nature of such conversations would be admissible in evidence from the lips of one who overheard them. *Commonwealth* v. *Wakelin*, 230 Mass. 567, 574.

If this testimony as to the conduct of the wife toward the deceased were believed, and if it further were found that the deceased yielded to the importunities thus described and did not act of his own free will in making testamentary provisions, it cannot be said as matter of law that there was not a fair case for consideration of a jury on the question of undue influence. *Neill* v. *Brackett*, 234 Mass. 367, 369, 370. Of course we cannot say that undue influence was made out. We can only say that there was "a genuine and doubtful question of fact to be decided," *Fuller* v. *Sylvia*, 240 Mass. 49, 53, and that the action of the probate judge in framing an issue was not unwarranted.

*Order framing issue affirmed.*