KENNETH L. JAQUITH *vs.* COMMONWEALTH.

Suffolk.    April 5, 1954. — June 4, 1954.

Present: QUA, C.J., RONAN, WILKINS, & COUNIHAN, JJ.

*Lewdness. Constitutional Law*, Due process of law. *Statute*, Validity, *Pleading, Criminal*, Indictment. *Practice, Criminal*, Sentence. *Words.* "Unnatural and lascivious act."

G. L. (Ter. Ed.) c. 272, § 35, punishing the commission of an "unnatural and lascivious act" with another person does not violate art. 12 of the Declaration of Rights of the Constitution of the Commonwealth or the due process clause of the Fourteenth Amendment to the Federal Constitution on the ground that it does not specify any ascertainable standard of conduct. [441–443]

Statement as to the meaning of the words "unnatural and lascivious act." [442]

An indictment charging commission of "an unnatural and lascivious act" with another was not defective on the ground that it lacked the certainty and definiteness required to enable the defendant to prepare a defence or to plead a conviction on it in bar of any future prosecution for the same offence. [443–444]

A sentence to State prison for a term of nine to fifteen years under G. L. (Ter. Ed.) c. 266, § 16, as appearing in St. 1943, c. 343, § 1, upon pleas of guilty to indictments charging breaking and entering a building in the nighttime with intent to commit the felony of "an unnatural and lascivious act with another person" on two occasions, and also to indictments charging violations of G. L. (Ter. Ed.) c. 272, § 35, by the commission of "unnatural and lascivious" acts with other persons on five occasions, was not contrary to law or contrary to substantial justice. [444]

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on June 25, 1953.

Following issuance of the writ of error and the writ of scire facias, and a return and plea, the case was heard by *Spalding*, J.

*Walter Powers, Jr.*, for the petitioner.

*Charles F. Marsland, Jr.*, Assistant Attorney General, for the Commonwealth.

COUNIHAN, J. This is a petition by Kenneth L. Jaquith for a writ of error to reëxamine judgments entered in the Superior Court and to reverse them because of errors of law. G. L. (Ter. Ed.) c. 250, § 9. Pursuant to Rule 50 of the Rules for the Regulation of Practice at Common Law and in Equity, 328 Mass. 726, the single justice of this court, after notice and hearing, affirmed the judgments. The case comes here upon exceptions of the petitioner. There was no error.

In his bill of exceptions the petitioner attacks the validity of the judgments that he was guilty of violations of G. L. (Ter. Ed.) c. 272, § 35,[1] and of the sentence which was imposed under G. L. (Ter. Ed.) c. 266, § 16, as appearing in St. 1943, c. 343, § 1.[2] The petitioner, who was represented by counsel, pleaded guilty to indictments charging that he "did commit an unnatural and lascivious act" on several occasions with three named persons, and that he, on two occasions, "in the nighttime did break and enter the building of Prospect Hill Congregational Church situated in said Somerville, with intent therein to commit a felony, to wit, an unnatural and lascivious act with another person." He was sentenced for a term of nine to fifteen years in the State prison and we assume that he is now confined there.

In support of his petition he assigns as error the following: "1. Chapter 272, § 35, of G. L. (Ter. Ed.) violates art. 12 of the Declaration of Rights of the Constitution of Massachusetts. Said section is therefore void, and sentence and confinement under said section are consequently contrary to law. 2. Said c. 272, § 35, violates the due process clause of the Fourteenth Amendment to the Constitution of the United States, and sentence and confine-

---

[1] "Whoever commits any unnatural and lascivious act with another person shall be punished by a fine of not less than one hundred nor more than one thousand dollars or by imprisonment in the state prison for not more than five years or in jail or the house of correction for not more than two and one half years."

[2] "Whoever, in the night time, breaks and enters a building . . . with intent to commit a felony, shall be punished by imprisonment in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one half years."

ment therefore are contrary to law. 3. The indictments returned against the defendant under G. L. (Ter. Ed.) c. 272, § 35, violate art. 12 of the Declaration of Rights of the Constitution of Massachusetts and the due process clause of the Fourteenth Amendment to the Constitution of the United States, and are otherwise contrary to law. 4. The sentence and confinement imposed upon your petitioner for violation of G. L. (Ter. Ed.) c. 266, § 16, is contrary to law and contrary to substantial justice."

We are of opinion that the exceptions are properly before us and we consider them because a "writ of error is an original, independent action and in its origin and nature is distinguishable from appeals and bills of exceptions, which are continuations of the original action. In criminal cases, as distinguished from civil actions, the writ lies notwithstanding there is a remedy by appeal." *Commonwealth* v. *Marsino*, 252 Mass. 224, 227–228. G. L. (Ter. Ed.) c. 250, § 9. Compare *Lee* v. *Fowler*, 263 Mass. 440.

The substance of the petitioner's assignments of error, of his bill of exceptions, and of his argument before us is that a charge of committing "an unnatural and lascivious act" affords no ascertainable standard of conduct and so the statute proscribing such acts is a nullity in that it violates art. 12 of the Declaration of Rights of the Constitution of Massachusetts which reads in part: "No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." He says it also violates the due process clause of the Fourteenth Amendment to the Constitution of the United States. He further asserts that an indictment in the language of such statute is violative of the same constitutional provisions because it does not set forth the crime with such definiteness of allegation as will enable an accused to understand the charge and prepare his defence.

We are of opinion that the terms of this statute are not violative of the requirements of the constitutional provisions relied upon. We agree that a statute proscribing certain conduct must be sufficiently definite in specifying

the conduct which is inhibited so that a reasonable man may not be compelled to speculate at his peril whether a statute permits or prohibits the act he proposes to undertake. If the language of a statute is so variable, vague, or uncertain that it does not plainly set out a crime, then the statute is a nullity. Out of the many cases in which this principle has been affirmed by the Supreme Court of the United States a few citations will suffice. *Connally* v. *General Construction Co.* 269 U. S. 385, 391. *Cline* v. *Frink Dairy Co.* 274 U. S. 445. *Lanzetta* v. *New Jersey,* 306 U. S. 451. *Winters* v. *New York,* 333 U. S. 507, 515–516. This principle has been recognized in our decisions. *Commonwealth* v. *Daniel O'Connell's Sons, Inc.* 281 Mass. 402. *Commonwealth* v. *Corbett,* 307 Mass. 7, 8. *McQuade* v. *New York Central Railroad,* 320 Mass. 35, 40. *Commonwealth* v. *Slome,* 321 Mass. 713, 715–717. *Commonwealth* v. *Carpenter,* 325 Mass. 519, 521.

However, a statute does not fail to satisfy constitutional requirements merely because it uses general terms when such terms so define the offence as to convey to a person of ordinary understanding and intelligence an adequate description of the prohibited act. It is not infrequent that proscribed conduct is incapable of precise legal definition. *Commonwealth* v. *Pentz,* 247 Mass. 500, 507.

Having in mind what we have just said, it is plain that "an unnatural and lascivious act" are words of common usage and indicate with reasonable clarity the kind and character of conduct which the Legislature intended to prohibit and punish. These words have a well defined, well understood, and generally accepted meaning. The words of this statute "are common words and may be assumed to be understood in their common meaning by an ordinary jury." *Commonwealth* v. *Buckley,* 200 Mass. 346, 352. They signify irregular indulgence in sexual behavior, illicit sexual relations, and infamous conduct which is lustful, obscene, and in deviation of accepted customs and manners. See *Commonwealth* v. *Wardell,* 128 Mass. 52; *Commonwealth* v. *Dill,* 160 Mass. 536; *Commonwealth* v. *Delano,* 197 Mass.

166; *Commonwealth* v. *Allison,* 227 Mass. 57; *Commonwealth*
v. *Isenstadt,* 318 Mass. 543, 550; 24 Words & Phrases (Perm.
ed.) 257. Numerous decisions of the Supreme Court of the
United States and of other jurisdictions have sustained
statutes similar in form and phraseology to the one with
which we are here concerned. It would unduly prolong
this opinion to cite them. It is enough to say that it gen-
erally has been held that the common sense of the com-
munity, as well as the sense of decency, propriety, and mo-
rality which all respectable persons usually entertain, is
sufficient to apply the statute to a situation and determine
what particular kind of conduct offends. Further specifica-
tions in the indictments would be an offence against com-
mon decency.

What we already have said disposes of the contention of
the petitioner that these indictments are defective because
they fail to inform him of the nature of the crime with which
he is charged so that he would be able to prepare a defence.
The charge is made in the language of the statute. G. L. (Ter.
Ed.) c. 277, § 45.[1] This is enough. *Commonwealth* v. *Allison*
227 Mass. 57, 61. *Commonwealth* v. *Dyer,* 243 Mass. 472,
490–491. *Commonwealth* v. *Pentz,* 247 Mass. 500, 507–509.

The petitioner further argues that these indictments
violate the due process clause of the Fourteenth Amend-
ment to the Constitution of the United States in that they
do not set forth the crimes with which he was charged with
sufficient certainty to enable him to plead convictions on
these indictments in bar of any future prosecution. Be-
cause of what we have said hereinbefore we are convinced
that these indictments are not lacking in the certainty re-
quired to define the charges alleged in them. Moreover, we
are of opinion that in order to protect himself from a second
prosecution the petitioner may resort to the record and even
to parol evidence to show facts which resulted in a prior
conviction. No case in Massachusetts has been brought to

---

[1] "In an indictment under section thirty-five of chapter two hundred and
seventy-two, an allegation that the defendant committed an unnatural and
lascivious act with the person named or referred to in the indictment shall be
sufficient."

our attention, and we have found none, in which this point has been decided. It was so held, however, in *Batrell* v. *United States,* 227 U. S. 427, where at page 433 it was said, "As to the objection that the charge was so indefinite that the accused could not plead the record and conviction in bar of another prosecution, it is sufficient to say that in such cases it is the right of the accused to resort to parol testimony to show the subject-matter of the former conviction, and such practice is not infrequently necessary." This rule has been generally followed in other jurisdictions.

There is no merit to the fourth assignment of error that "The sentence and confinement imposed upon your petitioner for violation of G. L. (Ter. Ed.) c. 266, § 16, is contrary to law and contrary to substantial justice." To refute this it is enough to point out that violation of c. 272, § 35, is punishable "by imprisonment in the state prison for not more than five years . . . ." The petitioner pleaded guilty to indictments charging five violations of this statute. The same sentence as that imposed could have been arrived at by imposing sentence on each count of the indictments under c. 272, § 35, to run on and after the expiration of prior sentences.

*Exceptions overruled.*