Per Curiam.

Judgments of conviction reversed on the law and the facts, the fine paid by the appellant Tricarico is remitted, and the informations dismissed. The appellants were convicted of violating section 1141 of the Penal Law. The two search warrants which were executed are coneededly defective (Stanford v. Texas, 379 U. S. 476; People v. Matherson, 16 N Y 2d 509). The order dated November 30, 1965, denying the appellants ’ motions to controvert, is reversed on the law and the facts, *357 and the motions are granted. While obscenity has no constitutional protection (Roth v. United States, 354 U. S. 476, 485), motion picture film in and of itself is entitled to the same constitutional freedom of expression as is freedom of speech and freedom of the press under the First Amendment (Joseph Burstyn, Inc. v. Wilson, 343 U. S. 495, 503; Freedman v. Maryland, 380 U. S. 51). The seized property does not come within the usual form of contraband, such as narcotics or weapons (Marcus v. Search Warrant, 367 U. S. 717, 730). The charges were misdemeanors and, absent a valid search warrant, the police could only arrest and make a contemporaneous search if they had probable cause to believe that a crime was being committed in their presence (Code Crim. Pro., § 177, subd. 1). In these cases, there was no probable cause to arrest and the act of the police of entering into the respective premises, a loft, and a store which was closed at the time, seizing film which they had never seen before, examining the same and deciding the film was obscene, and then arresting the appellants, constituted a violation of the latter’s rights under the Fourth Amendment (People v. Loria, 10 N Y 2d 368). The evidence thus being suppressed, there would be no purpose in remanding for a new trial.
Concur — Com, J. P., Street and Hecht, Jr., JJ.
Judgments reversed, etc.