Strafford,
No. 5652.

STATE

*v.*

JOHN W. WICKEY.

Argued October 3, 1967.
Decided November 30, 1967.

*George S. Pappagianis,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Cooper, Hall & Walker* (*Mr. Fred W. Hall, Jr.* orally), for the defendant.

PER CURIAM. RSA 579:9 proscribes "any unnatural and lascivious act with another person." The defendant's primary contention is that this felony is distinct from "gross lewdness or lascivious behavior" a misdemeanor (see RSA 579:3; *State* v. *Smith,* 98 N. H. 149, 150); and that the offense with which he is charged is not sodomy or a "crime against nature" in violation of RSA 579:9, *supra.* In essence he argues that the offense charged does not involve "sexual relations . . . in an *unnatural* manner" as required by section 9.

A similar contention was made, although with respect to different facts, in *State* v. *Vredenburg,* 91 N. H. 372. It was there pointed out that the statute (then P. L., *c.* 386, *s.* 9) is "construed to be more comprehensive than the common law in the scope of the conduct prohibited." See also, *State* v. *Desilets,* 96 N. H. 245.

In the cases last cited, the perverted sex conduct complained of was deemed to be within the purview of the statute. The conduct with which this defendant is charged, was doubtless a misdemeanor under the statute prohibiting gross lewdness or lascivious behavior, RSA 579:3 (*State* v. *Lizotte,* 101 N. H. 494) and "in deviation of accepted customs and manners." *Jacquith* v. *Commonwealth,* 331 Mass. 439, 442. However it does not fall within the class of offenses charged in *Vredenburg* and *Desilets, supra* (see Briefs & Cases, Nos. 3237 and 3915), and was not within the statutory term of an "unnatural . . . act," or the common-law definition of the crime against nature. See

2 Wharton's, Criminal Law and Procedure ( 12th *ed.* ), *ss.* 751, 752; 3 Burdick, Law of Crime, *ss.* 876-878.

It follows that the motion to quash should be granted.

*Remanded.*

GRIMES, J., did not sit.