William E. Ringel, J.
The defendants are charged with the sale and possession with intent to sell of obscene material in violation of subdivision 1 of section 1141 of the former Penal Law.
This proceeding was initiated by a police officer who executed a search warrant pursuant to which reels of motion picture film allegedly depicting acts and scenes in violation of the statute were seized. In addition, books, photographic negatives, photographs and other items were also seized.
The defendants moved to controvert the warrant and to suppress the items seized on the sole ground that the warrant is constitutionally void for vagueness. It is the defendants’ position that the phraseology used in the warrant suffers from the same constitutional infirmity as the language of the warrant directing the seizure of motion picture film depicting hard-core pornography, held insufficient as being too vague in People v. Rothenberg (20 N Y 2d 35).
The sufficiency of the affidavit in support of the search warrant is not attacked. The court issued the warrant after it had viewed a reel of motion picture film which had been purchased previously in the defendants’ premises. The issuing court was thus cognizant of the pornographic character of the material to be seized and described in the language of the warrant.
*926 The pertinent language of the instant search warrant directed the police officer to search for motion picture film depicting “lewd, indecent, lavisioous [lascivious] and other indecent or unnatural acts and any other illegal pornographic material.” From this language of the warrant it is clear that the officer was directed to search for and seize reels of motion picture -films depicting unnatural acts. The additional verbiage used may be considered as amplification and descriptive of the words ‘ ‘ unnatural acts. ’ ’ This conclusion is supported by the maxim of noscitur a sociis, which encompasses the rule of ejusdem generis. That maxim states, “ General and specific words, capable of analogous meaning, when associated together, take color from each other, so that general words are restricted to a sense analogous to less general.” (Black’s Law Dictionary, 3d ed.) The phrase, “ and any other illegal pornographic material, ’ ’ refers to the words preceding it. Beading the warrant as a whole, the foregoing phrase cannot be said to broaden the scope of the warrant, but is ejusdem generis with the words preceding it. In fact, this phrase may be treated as surplusage, since if the warrant is valid, seizure of other illegal pornographic material at the same time and place where the warrant is executed would be lawful. Material which bears a reasonable relationship to the purposes of a search under a lawful warrant may be seized (United States v. Joseph, 174 F. Supp. 539, affid. 278 F. 2d 504, cert. den. 364 U. S. 823).
In obscenity cases, the courts have carefully scrutinized search warrants in order to prevent police officers who execute the warrants from exercising the functions of a censor in deciding what is or is not obscene, and, thus, in effect, usurping the court’s prerogative in making that determination (Marcus v. Search Warrant, 367 U. S. 717; People v. Rothenberg, supra). The rule is equally applicable to motion picture film (People v. Joffe, 54 Misc 2d 356).
In determining the kind of material which the court which issued the warrant intended that the officer should seize in executing the warrant, resort may be had to the allegations of the supporting affidavit (United States v. Warden, 381 F. 2d 209; People v. Rainey, 14 N Y 2d 35; Code Crim. Pro., §§ 793, 794). From a reading of the supporting affidavit it is clear that the material intended to be seized was reels of photographic film depicting unnatural acts.
If the phrase, “ unnatural acts,” lacks specificity, the instant warrant must be voided. It is well settled that search warrants which are couched in vague language and which are not sufficiently specific to identify the items to be sought for and *927 seized are considered general warrants and as such are void (Stanford v. Texas, 379 U. S. 476; Marcus v. Search Warrant, supra). It has been held in People v. Matherson (16 N Y 2d 509) that a warrant using- the phrase, “ obscene, lewd and indecent books and materials ” was not sufficiently specific to identify the material to be seized. Similarly, a warrant employing the phrase, “hard core pornography ” was likewise held not sufficiently specific (People v. Rothenberg, supra).
While the court’s research has failed to disclose any reported case in this jurisdiction which interpreted the meaning of the phrase, “unnatural acts,” it would seem that this phrase is nevertheless sufficiently specific to withstand the challenge of vagueness. Referring to various dictionary definitions of the term, “ unnatural acts,” the following’ definitions were obtained:
“ Unnatural * * * Not natural; as: a. Contrary, or not conforming, to the order of nature, * * * c. * * * also, strange; abnormal.” (Webster’s New International Dictionary.)
“Unnatural offense. The infamous crime against nature; i.e. sodomy or buggery.”
“ Buggery * * * This term is often used interchangeably with ‘ sodomy ’ ”.
‘ ‘ Pederasty * * * The unnatural carnal copulation of male with male =::= * * a form of sodomy.”
1 ‘ Fellatio, or Fellation. The offense committed with the male sexual organ and the mouth. State v. Murry, 136 La. 253, 66 So. 963. See Sodomy.”
“ Sodomy. A carnal copulation by human beings with each other against nature, or with a beast.”
(Black’s Law Dictionary, 3d ed.)
“ The crime of sodomy, broadly and comprehensively speaking, consists of unnatural sexual relations as between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner.” (48 Am. Jur., Sodomy, § 1; emphasis added.)
The weight of authority supports the conclusion that the word, “ sodomy,” as used in connection with statutes prohibiting the crime against nature includes all acts of unnatural carnal copulation with man or beast and that generally the crime of sodomy or the crime against nature is committed where the act consists of carnal knowledge by or with the mouth (48 Am. Jur., Sodomy, § 2; see, also, 81 C. J. S., Sodomy, § 1).
The former Penal Law under which this case is prosecuted contains a specific section relating to sodomy “ Section 690. Crime against nature; sodomy.” Applying a rule of statutory *928 construction, ‘ ‘ to get the sense of a statute, one must read the whole of it ” (People v. Martell, 16 N Y 2d 245), it is obvious that the term, ‘‘unnatural acts,” includes sodomy.
The term, “ 1 an unnatural and lascivious act ’ are words of common usage #. * * These words have a well defined, well understood, and generally accepted meaning ’ ’. (Jaquith v. Commonwealth, 331 Mass. 439, 442; See, also, State v. Young, 249 La. 1054; Barton v. State 79 Ga. App. 380; State v. Milne, 95 R. I. 315, app. dsmd. 373 U. S. 542.)
In the light of these definitions and authorities this court holds that the phraseology “ unnatural acts ” used in this warrant is a phrase of common usage, with a ‘ ‘ well-defined, well-understood and generally accepted meaning,” and is sufficiently specific and definite to inform the officer of the kind and type of material to be sought for and seized. It is not vague, indefinite or obscure and cannot be equated with the language used in the search warrants in Marcus, Rothenberg or Matherson, which has been condemned for vagueness and indefiniteness.
Respecting the seizure of the other materials consisting of books, photographs, playing cards, and photographic negatives, such seizure is sustained as incidental to the execution of the warrant. Lewd, indecent and vulgar poses of persons committing acts of sodomy, portrayed in these materials, and the titles of the books seized such as “ Blow Jobs are Fun,” “ Hungry for Cock,” etc., etc. (which books also contain photographs of persons committing acts of sodomy) establish sufficient cause to believe that these materials bear a reasonable relationship to the purpose of the search. (United States v. Joseph, supra.)
The motions to controvert the warrant and to suppress the materials seized thereunder are denied.