LORD ELECTRIC COMPANY *vs.* CHARLES F. MORRILL.

Suffolk.     January 14, 1901. — March 5, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

Conversations over a telephone otherwise admissible may be admitted in evidence, where the witness testifies that he recognized the voice of the person with whom he was talking.

The admission of immaterial evidence will not sustain an exception, where the excepting party in no way could have been harmed by it.

A variance between the statement of a contract in an account annexed and its proof at the trial, which does not affect the amount claimed, and the correction of which would not have changed the course of the trial, and which was not called to the attention of the presiding judge or of the plaintiff's counsel, cannot be the ground of an exception.

CONTRACT on an account annexed against the lessee for twenty-five years of the Jewelers Building, so called, on the corner of Washington and Bromfield Streets in Boston, to recover for putting in additional electric lights and wires not included in a written contract between the plaintiff and the trustees of that building. Writ dated July 19, 1899.

At the trial in the Superior Court, before *Sheldon*, J., one Driscoll, a witness for the plaintiff, testified that he was the plaintiff's bookkeeper, and that he remembered having a conversation over the telephone with the defendant. He was then asked by the plaintiff, what the conversation was. The defendant objected to the evidence, whereupon the judge asked the witness " Do you know it was Mr. Morrill?" and the witness answered " Well, I was quite familiar with his voice and I recognized it as such." The judge then admitted the conversation and the defendant excepted.

It appeared that the first floor and basement of the Jewelers Building were sublet by the defendant to one Marsh, the treasurer and general manager of a lunch room called the " Bromfield Spa." The plaintiff's charge for extra work amounted to $800, of which $300 had been paid or was to be paid by Marsh and $250 by the trustees of the building, and this suit was to recover the balance of $250 from the defendant, who, the plain-

tiff's witnesses testified, had agreed to pay it. The defendant denied that he had so agreed. During the trial the defendant moved to amend his answer by setting up the statute of frauds, and it was agreed that he should have the same right to maintain any defence under the statute of frauds as if he had pleaded it. The additional lights and wires were put in on the first floor and basement occupied by the Bromfield Spa, and the defendant contended that they were all ordered by Marsh and that therefore, if the defendant orally promised to pay $250 of the expense, it was a promise to pay the debt of another, and that the plaintiff could not recover without a written memorandum of the promise signed by the defendant.

At the close of the evidence, the defendant requested the judge to instruct the jury that upon the pleadings and the evidence the plaintiff could not recover. The judge refused so to rule, and the defendant excepted.

The judge, among other instructions, instructed the jury as follows:

" Now, the plaintiff's contention is that under these circumstances they had begun to do this extra work and supply this extra material, but they found that they could not hold anybody to pay for it, so they said in substance, ' Very well, then we will put in no extra work,' and the plaintiff says that under those circumstances there was an arrangement come to between the plaintiff and each of the other three parties by which the plaintiff reduced its price for this extra supply that was needed from $1,000 to $800, and the Bromfield Spa agreed to pay $300 of that, and that the trustees, Mr. Dana and Mr. Wells, agreed to pay $250 of it, and that thereupon the plaintiff said in substance, I am not using the words again, ' Under those circumstances, under those separate promises that you three sets of people make, we will go on and will finish this,' and they say that under that agreement, and relying on that agreement, they went on and finished it, and, accordingly, they bring suit for $800, giving credit for the $250 which has been paid by the trustees, for the $300 which has either been or agreed to be paid, it does not make any difference which, if it was agreed, by the Bromfield Spa, and for the balance of $250 which they say this defendant agreed to pay. . . .

" Well, gentlemen, all those considerations are for you. It is not for me to judge of the weight of it. It is true that if the plaintiff made the contract with Marsh, or with Wells and Dana, the trustees, or with any other person except the defendant, and did not have the contract, which I have told you the plaintiff claims it had, to which the defendant was a party, for the doing of the work and furnishing the materials declared on, and if the plaintiff did such work and furnished such material, and performed such labor, pursuant to a contract made with any other person than the defendant, and did not do it under the contract to which the defendant was a party, which the plaintiff relies on, then the plaintiff cannot recover, then the plaintiff cannot hold Mr. Morrill if the plaintiff did not have an agreement with Mr. Morrill by which he was to pay this amount; but if the plaintiff did have that agreement with Mr. Morrill, then Mr. Morrill is bound by it.

" Now, the plaintiff says that Mr. Dana also testified — Mr. Dana did testify upon the subject unquestionably — that in a subsequent conversation Mr. Morrill said in substance, I am not using the language, ' I may have made an oral promise, but I am not legally bound by it, and I won't pay it,' and all parties agree Mr. Morrill did subsequently refuse to pay anything."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. W. Rowley*, for the defendant.

*J. M. Hallowell*, for the plaintiff.

MORTON, J.    This is an action to recover of the defendant his share of the expense of certain electrical work done by the plaintiff in a building called the Jewelers Building on the corner of Washington and Bromfield Streets in Boston. There was a verdict for the plaintiff, and the case is here on the defendant's exceptions to the refusal of the court to rule that on the pleadings and evidence the plaintiff was not entitled to recover, to the admission of a conversation over the telephone with the defendant, and to the judge's charge.

1. As to the conversation over the telephone, the witness testified that he recognized the defendant's voice. This was sufficient evidence of identity to justify the court in admitting the evidence. The conversation does not seem to have been

material, but we see no way in which the defendant could have been harmed by it.

2. The only matter to which the attention of the court appears to have been called in connection with the ruling that was asked that the action could not be maintained on the pleadings and evidence was the statute of frauds. But there was evidence which justified the jury in finding, as they must have found under the instructions of the court, that the undertaking was an original undertaking on the part of the defendant and not a promise to answer for the debt of another. The defendant now contends further that the declaration counts on his liability for the whole amount of the expense with credits for the amounts paid by Marsh and by Wells and Dana trustees rather than on his liability for a fixed and certain sum as a part of the whole expense which was what the plaintiff's evidence tended to show was the case. The defendant therefore contends in substance that there was a variance between the declaration and the proof. It does not appear from the exceptions that this aspect of the ruling that was asked for was called in any way to the attention of the court. It is fair to assume from the charge that it was not. The manner in which the plaintiff's contention and what it was necessary for it to prove were stated would seem to show almost conclusively that it could not have been. The amount for which the plaintiff seeks to hold the defendant is the same in either case. If the matter had been called to the attention of the court or of counsel the objection could have been readily removed by amendment. There is no suggestion that the evidence or the course of the trial would have been any different. It does not seem to us that the exceptions should be sustained on this ground.

3. The remaining exception relates to the charge. The defendant's objections as we understand them are first that the charge assumed that there was evidence that the plaintiff relied on the defendant's promise when there was none and was therefore a charge upon a matter of fact, and second that it was not sufficiently full in regard to the statute of frauds. It is clear that there was evidence that the plaintiff relied on the defendant's promise and the court did no more than state, as it was proper and right that it should do, the contentions of the parties and

explain the law applicable thereto. The defendant has not called our attention to anything which the court said that it ought not to have said in regard to the statute of frauds or to anything that it did not say that it ought to have said, and we think that the charge was sufficient.

*Exceptions overruled.*