## CHARLES J. McCARTHY *vs.* JOHN PEACH.

Suffolk.          March 8, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Self serving statements.

A plaintiff having testified that he had a certain conversation with the defendant by telephone, a witness for the plaintiff may be allowed to testify what he heard the plaintiff say as a part of that conversation, although the witness had no personal knowledge that the plaintiff was talking with the defendant or that he was talking with any one. Whether the conversation testified to by the plaintiff took place as alleged or was fictitious is a question of fact for the jury.

MORTON, J. This is an action to recover a balance alleged to be due to the plaintiff from the defendant for services rendered in securing a customer for an express business in Salem. There was a verdict for the plaintiff, and the case is here on the defendant's exceptions.

The only question is whether a witness for the plaintiff properly was allowed to testify to what he heard the plaintiff say as a part of an alleged conversation with the defendant over the telephone, — the plaintiff being in Boston and the defendant in Chelsea, and the witness being in the presence and hearing of the plaintiff.

The witness had no personal knowledge with whom the plaintiff was talking, and did not hear anything that was alleged to have been said by the defendant, and did not know that the defendant heard anything that the plaintiff said. At the argument of the case it was admitted by counsel for the defendant that the plaintiff testified that the conversation was with the defendant. We think that the evidence was rightly admitted. The analogies furnished by conversations between parties through an interpreter, and conversations in a loud tone by one party and a whisper by the other are not altogether complete. In such cases a third party who testifies to more or less of the conversation, as the case may be, is in the presence of the persons whose conversation he undertakes to repeat, and therefore has personal knowledge in respect to the parties to the conversation, though he may not hear or understand all that is said by the principals. In the present case the witness had no personal knowledge as to the identity of the other party to the alleged conversation, or that there was any other party, or, if there was, that he heard what the plaintiff said. It is not contended that the mere fact that the conversation was over a telephone rendered what the witness testified to incompetent. *Lord Electric Co.* v. *Morrill*, 178 Mass. 304. The evidence that was admitted cannot be regarded as hearsay evidence or declarations made by the plaintiff in his own interest, simply because the witness did not know of his own knowledge that the other party to the alleged conversation was the defendant, or that there was any other party, or that the defendant heard what was said. If the alleged conversation took place, as the plaintiff testified that it did, then what the plaintiff said was admissible as a part of it. Whether it did take place as alleged or was fictitious was a question of fact for the jury. It could not be ruled as matter of law that there was no evidence of a conversation between the plaintiff and the defendant of which what was testified to by the witness constituted a part. See *Miles* v. *Andrews*, 153 Ill. 262, 267 ; *Sullivan* v. *Kuykendall*, 82 Ky. 483 ; *Oskamp* v. *Gadsden*, 35 Neb. 7 ; *Wolfe* v. *Missouri Pacific Railway*, 97 Mo. 473.

*Exceptions overruled.*

*E. C. Jenney*, for the defendant.

*S. R. Cutler*, for the plaintiff, was stopped by the court.