pursuant to the order of this court was the judgment of this court, and not of the Special Term. Dwight v. Gibb, 208 N. Y. 153, 101 N. E. 851. This court granted the judgment which the Special Term should have granted, and thereupon the defendant Smedley became entitled to have the property and money immediately returned to her. Thereafter the plaintiff was no more entitled to retain possession of the property than he would have been to obtain a delivery of it to him, if it had remained in the possession of the defendant until after the decision of this court reversing the erroneous judgment for its payment and delivery to plaintiff. Doubtless this court might have stayed or suspended the execution of its own order or judgment for restitution; but the court at Special Term was without authority so to do.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(81 Misc. Rep. 159.)

### HANCOCK v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. EVIDENCE (§ 148*)—TELEPHONE CONVERSATIONS—ADMISSIBILITY.
   Ordinarily a telephone conversation is inadmissible, unless the person with whom the conversation is held is identified by the person testifying to the conversation.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

2. WITNESSES (§ 37*)—TELEPHONE CONVERSATIONS—ADMISSIBILITY.
   Where an employé of defendant testified to a telephone conversation with plaintiff, and the issue involved what was said in the conversation, the testimony of a second employé overhearing what the employé said to plaintiff in the conversation, was admissible.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 80, 87; Dec. Dig. § 37.*]

3. INSURANCE (§ 230*)—FIRE INSURANCE—STIPULATIONS—WAIVER.
   A stipulation in a fire policy, authorizing insurer to cancel the policy on tendering the pro rata unearned premium, is for the benefit of insured, and he may waive the requirement of a tender of the unearned premium.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. § 230.*]

4. INSURANCE (§ 230*)—FIRE INSURANCE—CANCELLATION OF POLICY.
   Where insured, in a fire policy stipulating for its cancellation by insurer tendering the pro rata unearned premium, knew of the intention of insurer to cancel, and voluntarily surrendered the policy unconditionally for that purpose, the policy was canceled, though insurer did not tender the unearned premium.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. § 230.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by George T. Hancock, Jr., against the Hartford Fire Insurance Company. There was a judgment in favor of plaintiff, and both

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parties appeal.  Plaintiff's appeal dismissed; on defendant's appeal, judgment reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

James F. Mack, of New York City, for plaintiff.
Frederick T. Case, of New York City, for defendant.

LEHMAN, J.  The plaintiff has entered into a contract with the defendant, whereby the defendant insured his automobile against loss by fire, theft, or other causes.  It is not disputed that this automobile was stolen, and the sole question of fact in the case is whether the plaintiff previous to the theft had surrendered the policy for cancellation, and whether the policy was thereupon duly canceled by the defendant.

The policy of insurance contains the usual clause providing that:

"This policy may be canceled at any time upon request of the insured, the company retaining or collecting the customary short rates for the time it has been in force, or it may be canceled by the company by delivering or mailing to the insured at his last known address ten days' written notice of such cancellation, and, if the premium has been paid, by tendering in cash, postal order, or check the pro rata unearned premium thereon."

It is undisputed that the defendant has neither given the 10 days' notice of cancellation nor tendered the pro rata unearned premium; but the defendant claims that the plaintiff has waived its requirements by an unconditional surrender.  To prove this defense, the defendant produced testimony to show that the plaintiff had made two previous claims under the policy of insurance; that, before it paid the second claim, one of the defendant's employés telephoned to the plaintiff that the company would pay the claim only upon the surrender of the policy for cancellation.  Thereupon the plaintiff did bring in the policy for cancellation, and was informed that, after the pro rata unearned premium was calculated, it would be credited to the account of the broker who procured the policy.  The plaintiff absolutely denies that there was any conversation by telephone or otherwise in regard to the cancellation of the policy, and claims that he left the policy with the defendant only for the purpose of adjusting the previous loss.

[1, 2]  To corroborate the defendant's version of the telephone conversation, the defendant offered the testimony of a second employé, who claims to have overheard what the first employé spoke into the telephone at the time of the alleged conversation with the plaintiff.  This testimony was excluded, apparently because the second employé could not state of his own knowledge who was at the other end of the telephone wire.  It seems to me that the exclusion of this testimony is erroneous.  Of course, ordinarily, no telephone conversation can be admitted unless the person with whom the conversation is held is identified.  A conversation with an unidentified person is obviously immaterial.  The testimony, however, of the first employé as to the telephone conversation was admitted, and we must therefore assume that the trial justice has held that this employé sufficiently identified the plaintiff to make this conversation admissible.  The testimony of an

auditor who heard only the one side of the conversation could obvi-
ously not be considered corroboration upon the issue of whether the
plaintiff took part in the conversation; but the important issue in this
case was, not whether the parties did have some telephone conversa-
tion at that time, but as to whether at that conversation the defend-
ant's employé said anything about canceling the policy, and upon this
issue the testimony as to what the second employé overheard would be
entirely material, and I can see no logical reason for its exclusion.
See McCarthy v. Peach, 186 Mass. 67, 70 N. E. 1029, 1 Ann. Cas.
801, and Miles v. Andrews, 153 Ill. 262, 38 N. E. 644.

[3] It is urged, however, that even if error was committed on this
point, the error is immaterial, because the trial justice did not feel
impelled to decide this issue, but decided the case solely on the follow-
ing grounds:

"I find as a fact that the defendant did not return to the plaintiff the
unearned premium on the policy, which return was a condition of the right
of the defendant to cancel the policy. Assuming that the defendant credited
the amount of the unearned premium to the account of the agent who origi-
nally procured the insurance for plaintiff, as a matter of law such agent is
without authority to receive the return of such unearned premium; and I
find as a fact that plaintiff did not authorize or consent to the crediting of
such unearned premium to the agent's account."

So far as the findings of fact by the trial justice are concerned, I
think there is evidence to sustain them; but I cannot agree that these
facts determine the real issue in this case. The requirements of the
policy as to the cancellation by the insurance company are inserted for
the benefit of the assured, and may be waived by him. In the case
of Buckley v. Citizens' Insurance Co., 188 N. Y. 399, 81 N. E. 165,
13 L. R. A. (N. S.) 889, the insured had surrendered a policy of insur-
ance containing a similar clause for cancellation. As in this case the
company had failed to pay the unearned premium. The court then
said:

"The one object of the cancellation clause is to place the policy in the
custody of the insurance company absolutely and unconditionally. If the
insured permits this to be done by his voluntary act when the company gives
notice of cancellation without receiving from it the unearned premium he
assents to cancellation, but can sue for the amount due him."

[4] The plaintiff seeks to distinguish this case on the ground that
in that case there was a written notice of cancellation, which is want-
ing in the case before us. I cannot find, however, that this difference
presents a logical distinction. The real point is whether the plaintiff,
having knowledge of the intention of the company to cancel the pol-
icy, voluntarily surrendered it unconditionally for this purpose. This
question is squarely presented by the evidence in this case, and has not
been determined. The judgment must therefore be reversed, and a
new trial ordered.

The plaintiff also appeals from the judgment, on the ground that
the damages are the value placed by the parties upon the insured ar-
ticle. In view of the fact that the judgment is reversed, we need not
decide this point, and I feel that it would be improper to express any
opinion on this point, because plaintiff in his brief relies largely upon

an alleged clause 25, which I fail to find in the policy introduced by him in evidence.

Plaintiff's appeal should therefore be dismissed, without costs, and on the defendant's appeal judgment should be reversed, and a new trial ordered, with costs to defendant to abide the event. All concur.