JAMAICA POND GARAGE, INC. *vs.* WOODSIDE MOTOR LIVERY, INC.

Suffolk. December 7, 1920. — December 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence,* Of telephone conversation, Competency.

Where, at the trial of an action for motor vehicle hire, the plaintiff and the defendant both testify that the agreement of hiring was made in a telephone conversation between them, but they differ as to the amount agreed upon as hire, testimony of one who stated that he was present when the plaintiff was telephoning to the defendant and heard the plaintiff state as "all right" a rate, which was the rate which the plaintiff had testified that he had named, is not hearsay evidence and is competent and admissible.

CONTRACT upon accounts annexed for motor vehicle hire. Writ in the Municipal Court of the City of Boston dated December 12, 1919.

The judge of the Municipal Court found for the plaintiff and reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

The case was submitted on briefs.

*L. Marks,* for the defendant.

*J. J. Norton,* for the plaintiff.

BY THE COURT. An issue of fact in the trial court was the price agreed between the parties for motor vehicle hire. One Wolf-

son, agent of the plaintiff, testified that in telephone conversation with one Woodside, representing the defendant, $4 per hour was stipulated between them, while Woodside testified that the price was $3.50 per hour. A witness, having testified that he was present when Wolfson said he was telephoning with Woodside, then was permitted to testify that at that time he heard Wolfson say into the telephone "four dollars an hour is all right." In this there was no error of law. It was not hearsay evidence. It tended to confirm the testimony of Wolfson in part. Its weight depended upon the finding whether Wolfson's testimony to the effect that Woodside was at the other end of the telephone during that conversation was true; but that was wholly a question of fact. See *Commonwealth* v. *Wakelin*, 230 Mass. 567, 574, 575.

*Order dismissing report affirmed.*