## GREENBERG ET AL. *v.* GREENBERG.

[No. 11,033. Filed December 2, 1921. Rehearing denied February 24, 1922. Transfer denied January 23, 1923.]

1. EVIDENCE.—*Telephone Conversation.—Admissibility.—Identification of Party to Conversation.*—Where a witness testified that she heard plaintiff call defendant by name over the telephone and listened to part of the conversation between them, and plaintiff testified that she called defendant and talked with her and that during the conversation the witness listened part of the time, the identification of defendant as the other party to the conversation held sufficient to render the conversation admissible in evidence. p. 219.

2. EVIDENCE.—*Statements over Telephone.—Competency.*—The rule permitting a witness to testify to statements of others made over the telephone applies to statements made by the party outside of the presence of the witness, but heard over the telephone by him, where such party is sufficiently identified. p. 219.

From Marion Superior Court (A7,073); *Theophilus J. Moll,* Judge.

Action by Lavanchia Greenberg against Ada Greenberg and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Felt & Forney,* for appellants.
*Holmes & McCallister,* for appellee.

NICHOLS, J.—This is an action by appellee against appellants for damages for the alienation of the affections of her husband who was the son of appellants.

There was a trial by a jury which resulted in a verdict for appellee for $3,000 upon which judgment was rendered in favor of appellee.

The only error assigned is the court's action in overruling appellants' motion for a new trial. Appellants contend that the court should have sustained their motion because of the error of the court in permitting witness Mina Drake, who was the mother of appellee, to testify to an alleged conversation over the telephone be-

tween appellee and appellant Ada Greenberg, to which appellants objected on the ground that it had not been shown that the witness knew Ada Greenberg, and that she had not been identified with the alleged conversation.

Mrs. Drake testified that she heard her daughter, appellee, call Mrs. Greenberg by name over the telephone, and that during the conversation between them,

1. she listened to a part of it, her daughter holding the receiver so that both could hear. Appellee testified that at her husband's request she called Mrs. Greenberg over the phone and talked with her, and that during the conversation her mother, Mrs. Drake, put her ear to the telephone, "and every little bit she would come back and listen during the conversation." This was sufficient identification to justify the admission of the testimony. The question of its weight was one of fact for the jury. Appellants have cited *Hancock* v. *Hartford Fire Ins. Co.* (1913), 81 Misc. Rep. 159, 142 N. Y. Supp. 352, but the case is not helpful to them. It was there held that the trial court erred in excluding the testimony of one employe of the defendant as to what he heard another employe say over the phone to the plaintiff, the court saying: "The testimony, however, of the first employe as to the telephone conversation was admitted, and we must therefore assume that the trial justice has held that this employe sufficiently identified the plaintiff to make the conversation admissible."

The case of *Kent* v. *Cobb* (1913), 24 Colo. App. 264, 271, 133 Pac. 424, 427, states the rule to be that—"A telephone conversation between the parties, and

2. upon the subject-matter of the litigation, having been testified to by one of the parties, may also be testified to by a by-stander, so far as he heard it." The rule should be the same whether the witness testifies to

the part of the conversation which he heard from the party in his presence, or to the part which he heard over the telephone from the party at the other end of the line. Other authorities in point are: *Jamaica Pond Garage* v. *Woodside Motor Livery* (1920), 236 Mass. 541, 128 N. E. 881; *McCarty* v. *Peach* (1904), 186 Mass. 67, 70 N. E. 1029, 1 Ann. Cas. 801; *Miles* v. *Andrews* (1894), 153 Ill. 262, 267, 38 N. E. 644; *Galt* v. *Woliver* (1902), 103 Ill. App. 71. No other question is presented. The judgment is affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, J.—The case of *Dunham* v. *McMichael* (1906), 214 Pa. 485, 63 Atl. 1007, relied upon by appellants in their brief on rehearing is easily distinguished from the instant case. In that case the plaintiff's son attempted to testify concerning a telephone conversation between his mother and the defendant. He was unable to identify the defendant. The plaintiff was an incompetent witness because of the fact that the matters in controversy involved her husband, and she was not permitted to testify as to the telephone conversation nor as to the person with whom she conversed over the phone. There was therefore no identification of the person conversing with the plaintiff.

In the instant case appellee testified as to the conversation and as to the person with whom she was talking which was a sufficient identification of the party talking to justify the admission of the mother's testimony as to such part of the conversation as she heard. We have examined other cases cited by appellants in their brief on rehearing and they are as readily distinguished from the instant case as *Dunham* v. *McMichael, supra.* We do not need to discuss them.

The petition for rehearing is overruled.