## W. B. CHUBB CO. v. SADLER et al.

(Circuit Court of Appeals, First Circuit. November 11, 1922.)

### No. 1574.

1. Evidence ⬅️➡️442(1)—Parol evidence admissible to supplement letters not making completed contract.

Where letters exchanged between the parties do not disclose a definite and completed contract, parol evidence is competent to show just what the contract was.

2. Trial ⬅️➡️252(4)—Instruction held properly refused as not applicable to issue.

Where the issue before the jury was whether there was a contract of consignment or one of sale, an instruction which assumed the contract to be one of consignment *held* properly refused.

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Action at law by the W. B. Chubb Company against L. O. Sadler and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Emil Weitzner, of New York City (Steckler & Weitzner and David Steckler, all of New York City, and Raymond S. Oakes and Woodman, Whitehouse & Littlefield, all of Portland, Me., on the brief), for plaintiff in error.

William R. Pattangall, of Augusta, Me., for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a judgment in the Maine district in favor of the defendants. The action was brought to recover the sum of $7,166.65 claimed as the balance due the plaintiff on a shipment of sheep skins alleged to have been consigned by the defendants to the plaintiff for sale, and on which the plaintiff is said to have advanced the defendants $8,616, or $1 per skin. The defendants' contention was that they sold the skins outright to the plaintiff, and that the $8,616 was in payment therefor.

The disputed point in the case was whether the defendants sold or consigned the skins to the plaintiff.

The evidence showed that the shipment consisted of 8,976 skins, but that the defendants owed the plaintiff 360 skins on a former deal, which made the transaction relate to 8,616 skins, for which the defendants drew on the plaintiff for the $8,616. The plaintiff received the goods March 26, 1920, and paid the draft. In September, 1920,

the plaintiff wrote the defendants claiming that the shipment was a consignment and requesting an adjustment of accounts, but being unable to procure one brought this suit.

March 3, 1920, the defendants wrote the plaintiff offering to sell the skins at $15 a dozen. March 9th the plaintiff replied rejecting the offer. March 12, 1920, the plaintiff wrote the defendants:

"You can ship the 533 dozen skins on consignment and draw on us for $12.00 per dozen. We do not to-day on our market consider them worth more than the $12.00 per dozen f. o. b. Boston. * * * When the skins come we will buy them if we can agree on the price."

March 16, 1920, the defendants wrote the plaintiff, saying:

"Replying to your favor of the 12th we now have our native skins through the pickle and there is about 9,000 skins in all. We owe you 30 dozen on the last shipment. We are promised a car to ship these skins the last of this week. * * * We have been working on your skins and doing everything that is possible to be done. * * * We have about half of your skins now ready for shipment, and if you wish we will ship them in with our lot, and the balance as soon as they get through."

The plaintiff's contention is that the letters of March 12th and March 16th disclose a completed contract; that the letter of March 12th was a definite offer to take the skins on consignment; and that the letter of March 16th was an acceptance of that offer. But it is apparent from the language used in the letter of March 12th that in addition to offering to take the goods on consignment the plaintiff proposed to buy them on arrival and inspection, if the parties could agree on the price; and there is nothing in the letter of March 16th which shows that the defendants shipped the skins on the offer of consignment rather than on the proposition of a sale provided the parties could agree on price after inspection.

The defendants introduced evidence tending to show that these letters did not constitute all the acts of the parties disclosing the nature of the transaction; that after the receipt of the letter of March 12th, and before sending the letter of March 16th, they called the plaintiff on the telephone and had a conversation with one of its representatives in which the parties agreed to an outright sale of the skins at a dollar apiece. The plaintiff excepted to the introduction of this evidence on two grounds: (1) That it was incompetent as it varied a written contract; and (2) that, if competent, a proper ground for its introduction was not laid.

[1] The objection to the competency of the testimony cannot be sustained. The letters of March 12th and 16th do not in themselves disclose a definite and completed contract, and where such is the case oral evidence is competent to show just what the contract was.

The second objection is that the evidence failed to identify a representative of the plaintiff company as the person with whom the telephone communication was had by the defendants. The evidence was that Mr. Sadler, in Maine, called over the long-distance telephone for the W. B. Chubb Company at Boston; that he was given the Chubb Company and felt sure the man he talked with was Mr. Chubb; that it might have been Mr. Powell (one of the concern); that while he

could not swear that it was either Chubb or Powell, the man he talked with knew about the transaction (about the skins); and that he thought at the time that it was Mr. Chubb he was talking to, and was still of that belief.

We think the jury might properly find from this evidence that the conversation which Mr. Sadler had over the phone was with a representative of the Chubb Company. The plaintiff takes nothing by this exception.

[2] The plaintiff further contends that the trial court erred in refusing to charge the jury as follows:

"Unless there is an express agreement to the contrary, the factor is under no duty to make reports of the market to the principal, nor is he under any obligation to report the sales as they are made from time to time, but he discharges his duty when he accounts finally after all the goods are disposed of."

If this might have been a proper request in an action brought by a consignor against a consignee for breach of duty, it was without application in this case, for here the question before the jury was whether there was a contract of consignment or one of sale, not whether there was a breach of duty under a contract of consignment. There being no state of facts in issue to which the request was applicable, it was rightly refused.

The judgment of the District Court is affirmed, with costs to the defendants in error.