## SAWYER v. EATON.

(Circuit Court of Appeals, First Circuit.   November 22, 1923.)

No. 1626.

1. Evidence ☞427—Circumstances and conditions leading to contract may be shown.

   Letters and telegrams, exchanged between the parties prior to the making of a written contract, may be admitted for the purpose of showing the situation and circumstances under which it was made.

2. Evidence ☞142(1)—Sales ☞418(3)—Market value is measure of damages in action by buyer; evidence of price paid for pulpwood to take place of that contracted for admissible to show market value.

   In an action for failure to deliver pulpwood under a contract, the price paid by plaintiff for wood to take the place of that contracted for in filling other contracts was admissible, as bearing on the question of market value, which, as the jury was correctly instructed, was the measure of damages.

3. Evidence ☞148—Telephone conversation between parties held admissible.

   Testimony of a witness as to one side of a telephone conversation, shown to have been between the parties, held admissible.

4. Costs ☞260(1)—Damages awarded for taking writ of error for delay.

   Where a writ of error is prosecuted for purposes of delay, damages may be awarded defendant in error, under rule 30 of the Circuit Courts of Appeals (150 Fed. xxxv, 79 C. C. A. xxxv).

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Maine; John A. Peters, Judge.

Action at law by Perley R. Eaton against Frank S. Sawyer. Judgment for plaintiff, and defendant brings error. Affirmed.

Herbert E. Locke and Pattangall, Locke & Perkins, all of Augusta, Me., for plaintiff in error.

Clarence E. Tupper, of Worcester, Mass. (Ryder & Simpson, of Bangor, Me., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is a writ of error from a judgment of the District Court for Maine, entered on the 31st day of January, 1923, on a verdict rendered at the June term, 1922, awarding the plaintiff the sum of $12,594.62. The action is to recover damages for the failure of the defendant to deliver a certain quantity of pulpwood in accordance with a written contract entered into between the parties May 4, 1920. The errors assigned are: (1) That the court erred in admitting certain letters and telegrams passing between the parties prior to the date of the execution of the contract of May 4; (2) in the admission of testimony as to the cost of or money paid by the plaintiff for wood to meet a contract he had entered into with one Swan, which the defendant knew was to be filled from the wood purchased of him under the contract of May 4, and furnished by October 1, 1920; and (3) in permitting the plaintiff's bookkeeper to testify to a telephone conversation which she heard between the plaintiff and the defendant.

[1] We regard none of these assignments as possessing any merit. The letters and telegrams referred to in the first assignment had no tendency to vary the terms of the written contract and were not admitted for that purpose, but to show the circumstances and conditions surrounding the parties at the time the contract was made. At the time they were admitted, and in the court's final charge, the jury were told that they were not admitted for and could not be used to vary the terms of the written contract, but to show the situation and the relation of the parties.

[2] As to the second assignment, it is doubtful upon the record whether it is supported by an exception taken and preserved at the time the matter occurred to which the assignment relates. But, assuming that it is, we think the evidence was competent as bearing upon the question of the market value, which was the measure of damages. Watts v. Sawyer, 55 N. H. 38; Norton v. Willis, 73 Me. 580; Hildreth v. Fitts, 53 Vt. 684; Mullen v. Trust & Banking Co., 108 Me. 498, 81 Atl. 948; Kent v. Whitney, 9 Allen (Mass.) 62, 85 Am. Dec. 739; Greenhut Cloak Co. v. Oreck, 130 Minn. 304, 153 N. W. 613; Rathbone v. Ayer, 121 App. Div. 355, 105 N. Y. Supp. 1041; Jordan Marsh Co. v. Patterson, 67 Conn. 473, 35 Atl. 521; Bigelow v. Legg, 102 N. Y. 653, 6 N. E. 107. The record discloses that witnesses called by both sides testified both as to the cost and market value of the wood, and the court, at the defendant's request, charged the jury that the plaintiff could not recover any more than the market value; "that the

market value is the criterion in this case, no matter whether he had to pay more." Furthermore, whether the evidence was competent or not, the defendant was in no way harmed by its introduction. The record would indicate that the actual damage the plaintiff sustained was something rising $22,000, and that the verdict of the jury was only about 50 per cent. of this sum.

[3] As to the third assignment, relating to the telephone conversation, the evidence shows that the defendant was the party on the other end of the telephone line, and that the witness, in giving her testimony, simply stated what the plaintiff said to the defendant over the phone. The evidence was clearly admissible. Atlantic Coast Realty Co. v. Robertson's Executors (Va.) 116 S. E. 476; McCarthy v. Peach, 186 Mass. 67, 70 N. E. 1029, 1 Ann. Cas. 801; Lord Electric Co. v. Morrill, 178 Mass. 304, 59 N. E. 807; Wolfe v. Missouri Pac. Ry. Co., 97 Mo. 473, 11 S. W. 49, 3 L. R. A. 539, 10 Am. St. Rep. 331; Holzhauer v. Sheeny, 127 Ky. 28, 104 S. W. 1034, 31 Ky. Law Rep. 1238; Chubb v. Sadler (C. C. A.) 284 Fed. 710.

[4] The defendant has not seen fit to support his assignments of error either by brief or argument, apparently entertaining the same view that we do, that they are entirely without merit. We can reach no other conclusion than that the appeal was prosecuted for purposes, of delay, and that, under the circumstances, damages should be imposed in the sum of $300, with double costs. Wagner Electric Mfg. Co. v. Lyndon, 262 U. S. 226, 43 Sup. Ct. 589, 67 L. Ed. 961; Revised Statutes, § 1010 (Comp. St. § 1671); rule 30, par. 2, C. C. A. 1st Cir. (150 Fed. xxxv, 79 C. C. A. xxxv).

The judgment of the District Court is affirmed, with additional damages, assessed at $300, with double costs.