DORCHESTER TRUST COMPANY *vs.* THOMAS J. CASEY.

Suffolk.     May 16, 1929. — September 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Evidence*, Competency, Telephone message, Declaration of deceased person.   *Surety*, Exoneration by contract with principal.

At the trial of an action by a trust company, a judgment creditor, against a surety upon a bond given to dissolve an attachment in the action where the plaintiff's judgment was obtained, the defendant contended that the plaintiff under an agreement with the judgment debtor, one of the principals on the bond, had extended for a definite time the fulfilment of the principals' obligation thereon. Subject to an exception by the plaintiff, the defendant was permitted to introduce in evidence under G. L. c. 233, § 65, testimony by the defendant that the judgment debtor, who had died, had told him that an attorney for the plaintiff, who also had died, had telephoned in his presence to the plaintiff.   The record did not disclose the identity of the person with whom the attorney talked nor that the judgment debtor had recognized any voice.  *Held*, that the evidence was inadmissible, both because of lack of evidence of the identity of the person with whom the attorney had talked, because the statement did not rest upon personal knowledge of the declarant, the deceased principal, and because of lack of evidence of authority of a representative of the plaintiff or of the attorney to make such an agreement.

CONTRACT against Daniel Cerussi, Arthur B. Gradone, Thomas J. Casey and Ray C. Johnson upon a bond given to dissolve an attachment in an action by the plaintiff against Cerussi and Gradone in which there was judgment for the plaintiff in the sum of $3,361.73 damages and $14.55 costs.   Writ in the Municipal Court of the City of Boston dated March 19, 1928.

On removal to the Superior Court, the action was tried before *Walsh*, J.   Material evidence and exceptions saved by the plaintiff are stated in the opinion.   There was a verdict for the defendant.   The plaintiff alleged exceptions.

*A. W. Wunderly*, for the plaintiff.

*M. C. Kelleher*, (*M. E. Hughes* with him,) for the defendant.

CROSBY, J.   This is an action of contract against the principals and sureties on a joint and several statutory bond given by the defendants to the plaintiff for the purpose of dissolving an attachment on real estate made in a former action against the principals.   The defendants Cerussi and Gradone were the principals named in the bond, and the defendants Johnson and Casey were the sureties.   The judgment in the former action on which the bond to dissolve the attachment was given has not been satisfied either in whole or in part.   Pending negotiations in the former action one Gaffney, attorney for the plaintiff, had died.   After the commencement of, but before the trial of the present action, Cerussi died.   The defendant Johnson defaulted when called for trial, the defendant Gradone was in bankruptcy and did not appear, and the trial proceeded against the defendant Casey alone.   Among other defences, Casey pleaded that the plaintiff, by its agents and attorneys, entered into an agreement with the principal Cerussi, whereby the plaintiff agreed to extend for a definite time the fulfilment of the obligation of Cerussi on the bond, and that thereby he, as surety, was discharged.   The jury returned a verdict for the defendant.   The case is here on the plaintiff's exceptions to the admission of certain evidence, and to the refusal of the trial judge to grant two requests for instructions to the jury. The plaintiff expressly waived its exception to the denial of its motion for a directed verdict.

The first exception relates to the admission of testimony of Casey that Cerussi told him that Gaffney telephoned in his presence to the plaintiff.   The defendant contends that this testimony was admissible under G. L. c. 233, § 65, as a declaration of a deceased person.   In this Commonwealth it has been held that when a conversation over a telephone is otherwise admissible, it may be admitted in evidence when the witness testifies that he recognized the voice of the person with whom he was talking.   *Lord Electric Co.* v. *Morrill,* 178 Mass. 304, 306, 307.   To render such testimony admissible there must be evidence as to the identity of the person who talked over the telephone.   *Commonwealth* v. *Harris,* 232 Mass. 588, 591.   *Morrison* v. *Tremont Trust Co.* 252 Mass.

383, 389. *Commonwealth* v. *Gettigan*, 252 Mass. 450, 461. *A. T. Stearns Lumber Co.* v. *Howlett*, 260 Mass. 45, 72, 73. There is nothing in the record to indicate the identity of the person with whom Gaffney talked. There is nothing to show that Cerussi recognized any voice. It is plain that the evidence was inadmissible on this ground. The evidence was also inadmissible under G. L. c. 233, § 65. The statute provides that "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." It is manifest from the nature of the evidence excepted to in the case at bar that it did not rest on the personal knowledge of the declarant. There is no evidence that Cerussi knew whom Gaffney telephoned to except that he called the plaintiff's place of business. There is nothing to show that Cerussi knew that Gaffney had secured a proper telephone connection. The evidence also was immaterial and inadmissible as there is nothing to show that Gaffney talked with any officer or employee of the plaintiff who was authorized to bind the plaintiff in granting an extension of the time of payment, or that Gaffney had such authority.

*Exceptions sustained.*