WILLIAM HUGHES *vs.* FRANK P. IANDOLI.

SAME *vs.* SALVATORE TORREGROSSA.

Suffolk.    March 8, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, Contributory, In use of way.  *Practice, Civil,* Requests, rulings and instructions.  *Evidence,* Telephone conversation, Use of plan.

Where, at the trial of an action for personal injuries sustained by a pedestrian, who, while crossing a street, was struck by an automobile operated by the defendant, the testimony of the plaintiff presented evidence tending to sustain the allegations of his declaration but that of witnesses for the defendant was to the effect that the accident happened in a manner materially different from that described by the plaintiff in his testimony and showed conduct on the part of the plaintiff which was negligent as a matter of law, it was proper for the trial judge to instruct the jury that, if they believed the testimony of the plaintiff, the question of the defendant's negligence was for them, but that, if the accident happened in the manner described by the witnesses for the defendant, the plaintiff could not recover.

No error appeared in an instruction to the jury, at the trial above described, in substance that the plaintiff had the benefit of the statutory presumption that he was in the exercise of due care only until "the facts" appeared and that thereafter it was for the jury to say whether the plaintiff was in the exercise of due care, the burden being on the defendant to satisfy the jury that he was not.

If a pedestrian, while crossing a street at night, suddenly steps out from behind a post in the street, disregarding warning shouts and without

looking to either side for approaching vehicles, into the path of an approaching automobile when it is only a few feet away from him, and is struck by it, he is guilty of contributory negligence as a matter of law and cannot recover in an action against the operator of the automobile for personal injuries so received; and, in view of the evidence, an instruction to such effect at the trial above described disclosed no error.

Testimony of an alleged telephone conversation between a witness and one of the parties to an action properly was excluded where it did not appear that the witness knew the party or that he was able to recognize his voice.

A ruling, that a witness who was requested to mark a certain place on a plan was entitled to know the scale of the plan in order to indicate the place with any degree of accuracy, was proper.

TWO ACTIONS OF TORT. Writs dated July 7, 1928, and February 12, 1929.

The actions were tried together in the Superior Court before *Walsh*, J. Gardner Street, referred to in the opinion, runs south from Main Street, which runs east and west. The plaintiff's testimony showed that, when struck, he was crossing Main Street from Gardner Street on the south toward the Sullivan Square Terminal on the north. The testimony of the defendants' witnesses showed that the plaintiff, when struck, was crossing Main Street in the opposite direction. It was not disputed that the automobile which struck the plaintiff was proceeding easterly on Main Street. Other material evidence and portions of the judge's charge to the jury are stated in the opinion. There was a verdict for the defendant in each action. The plaintiff alleged exceptions.

*F. J. Monahan*, for the plaintiff.

*S. P. Sears*, for the defendants.

CROSBY, J. These are actions of tort to recover for personal injuries received by the plaintiff as the result of being struck by an automobile. The first is brought against the owner of the automobile, and the second against the driver.

The accident occurred on Main Street, in Charlestown, near the Sullivan Square Terminal of the Boston Elevated Railway, the front entrance of which is at the corner of Alford and Main streets. The central portion of Main Street at this place is covered by an elevated railway struc-

ture supported by parallel rows of pillars. The plaintiff testified that the accident occurred about ten o'clock in the evening of February 24, 1928. Under the elevated structure are street railway tracks. The jury viewed the locus. The plaintiff testified that, before he stepped off the curbing to cross the street at the easterly corner of ·Gardner and Main streets, he looked to his left and saw some parked cars; that when he was four or five steps from the curb he saw the automobile driven by the defendant Torregrossa about two hundred feet away towards his left coming on the right side of Main street about four or five feet from the curb; that he continued to walk across, and looked to his right; that there was a little traffic to his right some distance away; that he again turned to his left and saw the automobile driven by Torregrossa about twenty feet away; that it had changed its pathway and seemed to be coming faster than when he first saw it, and before he could get out of the way he was struck by the left forward fender, thrown down and rendered unconscious.

One Venstrom, a witness called by the defendants, testified that before the accident he observed the plaintiff was intoxicated and was staggering around outside of the Sullivan Square Station waiting room; that he saw the plaintiff crossing Main Street just back of him; that as the witness was about to step on the curb at the westerly corner of Gardner Street at Main Street he saw the automobile which struck the plaintiff coming down Main Street to the right of the elevated structure; that he shouted "Look out"; that as he did so the plaintiff stepped out from behind the pillar number 115; that the automobile was then about ten feet from the pillar and about fifteen feet from the plaintiff; that the automobile was going at a rate of about eighteen to twenty miles an hour; that the right front fender struck the plaintiff, and the automobile stopped a little more than a car's length beyond where the plaintiff was struck; that he found the plaintiff unconscious, helped him into the defendant's automobile and accompanied him to a hospital. This witness testified in cross-examination that when the plaintiff was one or two feet out from the

shadows of the pillars the automobile was then eighteen feet away; that after the witness yelled the automobile went forward three feet, and then swung gradually to the left just missing the post, and the plaintiff was struck when he was about five feet out from the pillar number 115; that when the automobile fifteen feet away started to swing, the plaintiff was one or two feet from the shadow of that post; that the plaintiff continued on his way across "and just as he got in the path of the light of the automobile as it was coming on top of him — I had given the yell before, and he seemed to pay no attention, — he swung up his arm and gave a lurch with his left foot to stop. Instead of going back he went ahead. Lurched with his right foot to go back"; that "He was walking across with his head down; happens to notice the light, and as he sees it he looks up, stops for a second, and lurches ahead." This witness further testified that he was interested in watching the plaintiff over his shoulder all the way across Main Street; that "He watched him for his safety."

The defendant Torregrossa testified that he first saw the plaintiff when he stepped out from behind the post and was between ten and fifteen feet away. He testified that on the night of the accident he had permission from the other defendant, Iandoli, who owned the automobile, to use it to get a radio for one Giuseppe.

Giuseppe, called by the defendants, testified that he was in the rear seat of the automobile at the time of the accident; that he first saw the plaintiff when the forward part of the automobile was about two car-lengths away from him and he stepped from behind the pillar; and that the driver swerved to the left and the plaintiff was hit with the right forward fender; that the witness, assisted by Venstrom, helped the plaintiff into the automobile.

One Gallerani, a police officer, testified that in consequence of the accident he went to the hospital and there saw the plaintiff, Torregrossa and Giuseppe; that Torregrossa told him that the plaintiff was crossing Alford Street carelessly, that the automobile was owned by Iandoli, that Torregrossa had an operator's license and that the car was

registered in the name of Iandoli.   This witness on cross-examination testified that Torregrossa told him that Giuseppe was the only other occupant of the car and did not see the accident, and that there was no odor of alcohol on the plaintiff.

It appears from the record that the only persons who were present when the accident occurred and testified respecting it were the plaintiff, Torregrossa, Giuseppe and Venstrom.

The trial judge in his charge to the jury, upon objection of counsel for the defendant, withdrew certain instructions previously given and instructed them as follows: "I now instruct you that if you find this accident happened the way the defendant Torregrossa and the defendants' witnesses say it happened, you will return a verdict for the defendant.   If you find it happened the way the plaintiff says, it is for you then to say whether the defendant Torregrossa was negligent.   You will disregard such portion of my charge as permitted you to determine whether, if it happened as the defendant and the defendants' witnesses stated, whether or not the plaintiff was in the exercise of due care and the defendant Torregrossa was negligent.   If you find it happened as the defendant contends you will return a verdict for the defendant."   To these instructions the plaintiff excepted.   It is stated that the bill of exceptions comprises all of the evidence, facts and the judge's charge material to the question of law raised by the exceptions.   We find no error in the instructions as finally given.

It appears from the charge, which is printed in full, that the jury were fully and correctly instructed upon the issues of due care on the part of the plaintiff, and negligence of the defendant.   Upon the issue of the conduct of the plaintiff the judge told the jury that "The plaintiff is presumed to have been in the exercise of due care, but that is merely a presumption and he only has the benefit of that presumption until the facts appear, and then when the facts appear the presumption disappears, and it is a question then for you gentlemen to say from the facts whether he was in the exercise of due care, the burden being upon the defendant

to satisfy you that he was not." These instructions were correct. As there was evidence bearing on the question of the plaintiff's care, the jury were to determine that issue on the evidence, and therefore there was no presumption in his favor. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 377. *Bagnell* v. *Boston Elevated Railway,* 247 Mass. 235, 238. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 403.

The judge instructed the jury that "if the plaintiff suddenly stepped out from behind an Elevated pillar, without looking or observing as to whether an automobile was approaching, and stepped into the path of this automobile when it was right upon him, the plaintiff is not entitled to recover." This instruction was in accordance with the law as stated in many of our decisions. *Gibb* v. *Hardwick,* 241 Mass. 546. *Doyle* v. *Boston Elevated Railway,* 248 Mass. 89.

There was no error in the instructions to which the plaintiff excepted. If the jury believed the testimony of the defendant Torregrossa, and that of the witnesses Venstrom and Giuseppe, it would appear that the plaintiff stepped out from behind the Elevated pillar in front of the automobile when it was not more than ten or fifteen feet away and was struck. If the jury believed that evidence it is plain that the plaintiff was negligent, and for that reason he would be precluded from recovery. The further instruction, that if the accident happened the way the plaintiff testified it was for the jury to determine whether Torregrossa was negligent, was sufficiently favorable to the plaintiff. It follows that the exception to the instructions must be overruled.

The plaintiff excepted to the exclusion of a telephone conversation which he alleges the police officer Gallerani had with the defendant Iandoli. It did not appear that the witness knew Iandoli, or was able to recognize his voice. In these circumstances the conversation was rightly excluded and the exception is overruled. *Commonwealth* v. *Gettigan,* 252 Mass. 450, 461, and cases cited. *Dorchester Trust Co.* v. *Casey,* 268 Mass. 494, 495. The case of *Massachusetts Northeastern Street Railway* v. *Plum Island Beach Co.* 255 Mass. 104, is distinguishable from the present case.

During the cross-examination of the defendant Torre-grossa by counsel for the plaintiff he was asked to mark on a plan of the locus the place where his automobile was at the time he saw the plaintiff. Counsel for the defendant objected to such marking unless the witness was permitted to use a ruler and have an opportunity to know the scale of the plan. The judge refused to permit the witness to place a mark on the plan stating, in substance, that the witness was entitled to know the scale in order to indicate with any degree of accuracy the place about which inquiry was made. The plaintiff excepted. This exception is without merit.

As we find no error of law in the conduct of the trial the entry should be

*Exceptions overruled.*