LISETTE V. RUEGG, as Administratrix of the Estate of ERHART RUEGG, Deceased, Plaintiff, v. FAIRFIELD SECURITIES CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, June 8, 1954.

*Charles Korn, Harold H. Corbin, Marvin S. Machson* and *Samuel Statler* for plaintiff.

*Henry J. Bogatko, John I. O'Neill* and *William M. Keegan* for defendant.

GELLER, J. This is an action to enforce a written promise by defendant to pay plaintiff's intestate $12,000. The case was tried without a jury. Findings of fact and conclusions of law have been waived.

The evidence indicates that one Arnold was indebted to plaintiff's intestate. The debt being past due, Arnold caused defendant, which owed Arnold some $24,000, to write the following letter to decedent, being the promise in suit: " At the request of Mr. William S. Arnold, we hereby agree to pay to you, for the account of Mr. Arnold, the sum of Twelve Thousand ($12,000.00) Dollars within thirty (30) days after certain Bonds No. 16-2548/9-47 issued by the United States Fidelity and Guaranty Company for William S. Arnold and John Stum, have been cancelled and all the collateral now pledged to secure said bonds has been released by the United States Fidelity and Guaranty Company and returned to our affiliated company."

Apart from this writing, decedent and defendant were complete strangers; and it is defendant's contention that its undertaking is unenforcible for want of consideration. Plaintiff's theory is that the requisite consideration, or the equivalent, was furnished by defendant's knowledge that decedent would forbear proceeding against the debtor, Arnold, in reliance upon defendant's promise, and by decedent's actual forbearance following delivery of the writing. Plaintiff cites in support of this view the ruling of the Appellate Division (281 App. Div. 1023) sustaining the complaint herein as legally sufficient, reading as follows: " While the complaint may not be artistic in alleging that defendant promised to pay in consideration of plaintiff's, intestate's forbearance and that there was such forbearance in reliance on the promise, we read the complaint as sufficiently alleging such facts and, as so construed, the complaint is sufficient."

This determination, of course, is binding on the trial court as the law of the case. Since the complaint makes no mention of any promise to forbear or of any other undertaking on decedent's part, alleging merely knowledge on defendant's part that its promise would be used to procure decedent's forbearance, plaintiff's conception of the minimal ingredients of her cause of action seems to the court to be correct.

Plaintiff's sole proof of the requisite knowledge on defendant's part was testimony by the decedent's attorney that he overheard Arnold imparting such knowledge in speaking into the telephone, the attorney believing that one Ralph Still, an officer of the

defendant, was at the other end of the line. Defendant strenuously challenges the admissibility of this evidence on the authority of *Gubelman* v. *Ands Koch Inc.* (234 N. Y. 425), wherein it was held that testimony by a witness who overheard only one side of a telephone conversation should be excluded in the absence of proof of what was said by the other party to the conversation. The *Gubelman* case has no application here, however, because, as is clearly stated in the opinion therein, the side of the conversation offered in evidence had no materialty, absent proof of what the other party said. As stated in the opinion (p. 428): '' This was not a transaction where there was any requirement of notice, as such, by the broker to his principal. The only object of the evidence was to show authority on the part of the broker in making the transaction and the only way in which this result could be accomplished would be by showing what defendant's president said in answer to his report.''

In the instant case, on the other hand, under the aforementioned ruling of the Appellate Division, we are concerned only with the alleged knowledge of the defendant that the decedent would forbear on receipt of defendant's promise. It is of no moment whatsoever, if such knowledge was in actuality imparted by telephone to an officer of defendant, what, if anything, such officer said in reply thereto. The testimony of an auditor of only one side of a conversation was held clearly admissible when the utterance of the overheard words is itself a fact in issue. (*Hancock* v. *Hartford Fire Ins. Co.*, 81 Misc. 159.)

In this case, it was nonetheless incumbent upon plaintiff to connect the overheard statements with the defendant. No testimony by Arnold or other direct evidence was offered by plaintiff to identify who (if anyone) was at the other end of the telephone line. Rather, the court is asked to infer the vital fact that defendant's officer, Still, was at the other end of the line from" (a) testimony of decedent's attorney that immediately before he heard Arnold speak as afore-mentioned, Arnold had taken out a notebook and turned to a page where appeared Still's name and address; had then dialed the phone and asked for Still by name; and after a pause had said '' Ralph, this is Bill [Arnold] ''; and (b) testimony by Mr. Still on examination before trial that '' on or about '' March 4, 1949 (which was the date of the occurrence testified to by decedent's attorney), he had one conversation with Arnold concerned with a draft of the written promise in suit. I find the testimony just summarized insufficient to establish that Arnold was talking to a representa-

tive of defendant when he was overheard by decedent's attorney, and hence I am constrained to hold that plaintiff has failed to prove that defendant knew that its promise to pay would be used to procure the decedent's forbearance. The failure of such a showing is fatal to plaintiff's cause of action, which, as has been seen, predicates liability on defendant's knowledge that plaintiff would forbear in reliance on defendant's promise to pay.

All motions by defendant to dismiss on which decision has been reserved are granted. Enter judgment accordingly.