*Municipal Court of the City of Boston*

No. 377953

**EDWARD S. DOHERTY, d/b/a
DOHERTY LUMBER CO.**

v.

**C. H. SINGLETON CO., INC., ET AL**

(October 14 - December 1, 1955)

*Shamon, J.* Action of contract [tried before *Riley, J.*] to recover $203.00 plus interest from September 28, 1953 for goods sold and delivered. The answer is a general denial.

At the trial evidence was introduced to prove that the defendant, Joseph Hunter (joined as defendant by amendment to the original action) entered into a written contract with one Ted H. Mayo, described as "contractor", to furnish labor and some materials. The defendant, Joseph Hunter, described as "owner", was to furnish certain of the materials in the installation of partitions to be erected at the premises numbered 323 Harvard Avenue, Boston. The said contract stipulated that upon the completion of said work the said Joseph Hunter, "owner", was to pay $460.00 to the said Ted H. Mayo, "contractor".

This agreement was as follows:

*"AGREEMENT*

Agreement made between Joseph Hunter and Ted H. Mayo, contractor, for work to be done at 323

Harvard Avenue, Boston, Massachusetts, working agreement furnished by Contractor. All partitions according to blueprint specifications will be as follows:

1. Contractor agrees to furnish all labor needed as specified on blueprint, also for all additional partitions to be put up and old partitions to be torn down.

2. Contractor agrees to furnish all materials required for painting and plastering.

1. Owner must agree to furnish all material required, such as lumber for doors, moldings and mop boards.

2. Owner must agree to assume responsibility for any additional labor required, other than specified in blueprint.

3. Owner must agree to pay the sum of ——— weekly, for salary of labor completed every Friday at noontime.

4. Owner must agree on completion of this job to pay the remainder of the full amount of $460.00 for termination of contract.

> Signed Contractor "Ted H. Mayo"
> Signed Owner "J. Hunter"

August 12, 1953, Boston, Massachusetts."

The plaintiff called as a witness one Vincent McNally, who testified that he was the bookkeeper and inside salesman of the plaintiff company; that he made a telephone call to a number listed to the defendant, C. H. Singleton Co., and that a man answered. A question was put to the witness to relate the conversation, and on objection, it was excluded by the court. No offer of proof was made as to what the witness Vincent McNally would be expected to testify had he been permitted to answer. The witness McNally was unable to identify the voice of the person who answered; that he testified he never saw the person before or after the telephone con-

versation. The plaintiff seasonably claimed a report of the ruling excluding the testimony.

There was also further evidence by the defendant Joseph Hunter, denying that he had received the purported telephone call; that he did not know the witness, Vincent McNally; that one Arthur Dodd, representing the plaintiff company, later called upon him in person sometime in November, 1953 inquiring about the payment of the plaintiff's bill of $203.00 but that he, Joseph Hunter, denied all responsibility for it.

At the close of the evidence, the plaintiff seasonably filed five Requests for Rulings of Law, of which four were denied, and which, together with the rulings thereon, follow:

"2. The evidence does not warrant a finding for the defendant. *Denied.*

3. If the court finds that the defendants, Joseph Hunter and Ted H. Mayo entered into a contract whereby the defendant, Joseph Hunter was to furnish all materials required for work to be done at 323 Harvard Avenue, Boston, Mass., said premises then the property of Joseph Hunter, and that the plaintiff sold and delivered goods to said premises at request of defendant, Joseph Hunter or his agents, servants or employees, that a finding be made for the plaintiff. *Denied. (Assumed facts not so found.)*

4. If the court finds that the defendant, Joseph Hunter his agents, or employees ordered and received merchandise from the plaintiff, that a finding be made for the plaintiff. *Denied. (Assumed facts not so found.)*

5. If the court finds that the defendant C. H. Singleton Co., Inc., its agents, servants or employees, ordered materials from the plaintiff and to be delivered to 323 Harvard Avenue, Boston, Massachusetts, for work to be performed at the said premises, that a finding be made for the plaintiff. *Denied. (Assumed facts not so found.)*

The court found the following facts:

"I find as a fact that the defendant, Joseph Hunter, entered into a written contract on August 12, 1953 with one Ted H. Mayo for work to be done at 323 Harvard Avenue, Boston, Mass.

I also find that said Hunter never authorized anyone to transact any business on his behalf with Edward S. Doherty, d/b/a Doherty Lumber Co., or to allow his name to be used in the extension of credit.

I further find as a fact that the only person on behalf of the plaintiff to ever talk to the defendant, Hunter, about the work done in August was one Arthur Dodd, and that this talk occurred in November, 1953 at which time Hunter denied responsibility for the bill."

The court found for the defendants, and being aggrieved by the court's rulings on the exclusion of the testimony of the telephone call by the witness McNally, and the denial of the Requests for Rulings numbered 2, 3, 4, and 5, the plaintiff claimed this report.

The trial judge was right in excluding the testimony of the telephone conversation of the witness Vincent McNally. No evidence was offered as to the identity of the person who answered the telephone. *C v. Harris,* 232 Mass. 588, 591; *Morrison v. Tremont Trust Co.,* 252 Mass. 383, 389.

The evidence of a witness reporting a telephone conversation between himself and another is not binding on a party to the action, when there is no identity of the person with whom the witness talked. See also: *C v. Gettigan,* 252 Mass. 450, 461; *Lord Electric Co. v. Morrill,* 178 Mass. 304; *C v. Wakelin,* 230 Mass. 567, 574. But see: *C. v. Hersey,* 324 Mass. 196, 204. Moreover, the plaintiff has failed to make an offer of proof as to what the witness McNally would have

testified, had he been permitted to answer the excluded question. Such an offer of proof is a *condicio sine qua non* to a review, since it would be conjectural whether the exclusion of the testimony was erroneous or prejudicial to the plaintiff. *Gottman v. Jeffrey-Nichols Co.*, 268 Mass. 10, 13. Moreover, even if the plaintiff had made an offer of proof and the identity of the person who received the call remained unknown, the court would have been right in excluding the offered testimony. *C. v. Gettigan*, 252 Mass. 450-461, 462.

The court's finding that the defendant Joseph Hunter never authorized anyone to transact business on his behalf with the plaintiff or to allow his name to be used in the extension of credit, fully disposes of the claim for report based on the judge's denial of plaintiff's Requests for Ruling Nos. 2, 3, 4, and 5.

Moreover, since the plaintiff has based his argument on the report solely on the correctness of the judge's exclusion of the telephone conversation and has failed to argue the denial of his requests numbered 2, 3, 4 and 5, we consider them as having been waived. Furthermore, since the judge found for the defendants on the merits, the subject matter contained in these requests not having been found as existing facts in the case, they have become moot.

*Report dismissed.*

Philip E. Pofcher, for the plaintiff.

Harry N. Cushing, for the defendant.